### J. T. Carter et al. v. Eliza J. Bustamente.

Husband and Wife.   *Warranty.   Purchasing title paramount.*
>   The wife of the grantor in a trust deed can acquire a tax title to the in-
>   cumbered land, and defend successfully against an action of ejectment
>   by the secured creditor who purchases at the trustee's sale.

Appeal from the Circuit Court of Attala County.

Hon. C. H. Campbell, Judge.

The appellants are heirs of a creditor, who was secured by a trust deed executed by G. D. Bustamente, and recorded Feb. 8, 1873 upon land, which the beneficiary purchased at the sale by J. T. Butt, the trustee, on Nov. 24, 1879. The appellee is Bustamente's wife, who on Nov. 14, 1877, purchased from the State the land which, on Jan. 3, 1876, was sold for the taxes of 1875. After Mrs. Bustamente became a defendant in this action of ejectment, begun Feb. 25, 1880, against a tenant whom she put in possession on Jan. 1, 1878, a decision was rendered in her favor.

*C. L. Anderson* and *J. A. Davis*, for the appellants.

The wife could not buy this tax title, and use it to defeat the deed of trust executed by her husband. *Hardeman* v. *Cowan*, 10 S. & M. 486; *Taylor* v. *Eckford*, 11 S. & M. 21; *Gaskins* v. *Blake*, 27 Miss. 675; *McLaughlin* v. *Green*, 48 Miss. 175; *Rule* v. *Broach*, 58 Miss. 552. It was Bustamente's duty to pay the taxes until a sale by the trustee or a foreclosure.

*C. M. Brooke*, for the appellee.

Bustamente's wife had the right to buy the land, notwithstanding her husband's conveyance to the trustee. No collusion is shown, her money was used, and there was nothing in the mere fact of her coverture which prevented her from acquiring the tax title. Under no circumstances could her purchase inure to the appellants' benefit; and, if her deed be void, the title is outstanding in the State, and the action of ejectment must fail.

Cooper, J., delivered the opinion of the court.

By the sale for taxes the legal title to the *locus in quo* passed

to the State of Mississippi, and by her purchase was acquired by Mrs. Bustamente, unless, because of the prior conveyance from her husband to the trustee, J. T. Butt, the conveyance to her, by operation of law, inured to the benefit of the trustee, passing the estate acquired by her instantaneously by estoppel or rebutter as effectually as if it had been conveyed by her deed.

In the case of *Taylor* v. *Eckford*, 11 S. & M. 21, it was held that the wife of a mortgagor could not acquire title adverse to the mortgagee by purchase under an execution against the mortgagor. That was a proceeding in equity, and the circumstances were such as to justify the inference of collusion and fraud; but the decision, in so far as it determined that the wife was in any manner bound by the deed alone of the husband, has been overruled by us in the recent case of *Cameron* v. *Lewis, ante,* 134. The rule that a subsequently acquired title passes by virtue of a prior deed was originally applied to avoid circuity of actions; for, if the vendor is permitted to recover the property under a title paramount subsequently acquired by him, he in turn would be bound to respond on his warranty. To avoid these cross actions, it has long been held that a title subsequently acquired by the vendor or any one bound by his warranty, should inure to the vendee to the same extent as if conveyed by his original deed. By virtue of our statutes (Code 1857, p. 309, art. 17; Code 1871, § 2300; Code 1880, § 1195), conveyances by quitclaim and release also estop the grantor from asserting an adverse claim to the land. But the wife is not bound by the deed or covenants of the husband; she is not either a party or privy to the deed, is not liable to an action on its covenants, and her title cannot be divested or affected by the operation thereof. This is sufficient for the decision of this case; for, as the plaintiffs have not the legal title to the land, they cannot maintain an action of ejectment for its recovery.                    *Judgment affirmed.*

CHALMERS, J., specially concurring.

I concur in the result reached and the opinion delivered in this case, since the question of the legal title to the property is alone presented by the record. Whether a wife might not be

equitably estopped from setting up a title acquired by a husband's default in paying his taxes, as against one to whom he had previously conveyed the property, is not now before us.  I am inclined to think that, while she is not technically bound by his deed, she might be equitably estopped from taking advantage of his omission to discharge his duty to the State and to his grantee.