Hewett v. Fenstamaker.

No. 15,052.

HEWETT v. FENSTAMAKER.

TAXES.—*Injunction.*—*Payment of Part Due.*—*Tender.*—*Pleading.*—An injunction will not lie to prevent the collection of taxes, a portion of which are legally assessed, without an allegation in the complaint that the plaintiff has paid so much of the assessment as is lawfully due; or that he has tendered the same to the tax collector, and that he keeps the tender good by bringing the money into court for his benefit.

From the Henry Circuit Court.

*J. M. Morris*, for appellant.

*J. H. Mellett*, for appellee.

MILLER, J.—This was an action to enjoin the collection of taxes.

It was alleged in the complaint that a portion of the taxes assessed against the plaintiff for the year 1888 were illegal; that at the proper time the plaintiff tendered to the defendant a sum of money being, as he claimed, the full amount lawfully assessed against him, and demanded from the defendant a receipt in full for all taxes assessed against him then due; that the defendant refused to give him a receipt in full for his taxes, but demanded, and threatened to collect, the full amount of taxes assessed against him.

It nowhere appears in the complaint that the plaintiff paid the taxes which he admits were properly and lawfully assessed against him, and there is no pretense that the tender was kept good by bringing the money into court. The plaintiff does not even aver a willingness or readiness to pay his lawful taxes.

An injunction will not lie to prevent the collection of taxes, a portion of which are legally assessed, without an allegation in the complaint that the complainant has paid so much of the assessment as was lawfully due; or that he has tendered the same to the tax collector, and that he keeps the tender good by bringing the money into court for his benefit.

*Brown* v. *Herron,* 59 Ind. 61 ; *Morrison* v. *Jacoby,* 114 Ind. 84.   In the latter case the reasonableness of the rule requiring the complaint to show that the tender is kept good by bringing the money into court, is so fully set forth that a citation of other authority is unnecessary.

It follows that the court did not err in sustaining a demurrer to the complaint, and rendering judgment for costs against the plaintiff, who is the appellant here.

Judgment affirmed.

Filed May 21, 1891.