No. 15,327.

<table>
<tr><td>130</td><td>351</td></tr>
<tr><td>139</td><td>398</td></tr>
</table>

## WILLARD ET AL. *v.* AMES ET AL.

TAXES.— *Wife Purchasing Land Held by Her Husband as Tenant at Tax Sale.* —A wife may purchase at tax sale land occupied by her husband as tenant, and will acquire at least a valid lien for the amount of the purchase-price; and the mere fact that there is an agreement, of which she has knowledge, between him and his landlord to the effect that he is to pay the taxes will not avoid the sale.

SAME.—*Duty of Wife to Pay Husband's Taxes.*—A wife is under no legal obligation to pay the taxes due on her husband's land.

SAME.—*Person in Possession.—Agreement to Pay Taxes.—Purchase at Tax Sale.* —A person in possession of land, under covenant to pay taxes, can not permit the land to be sold and acquire title against the rightful owner, by becoming the purchaser at the tax sale.

SAME.— *Who Can Not Purchase at Tax Sale.*—Neither an agent, attorney, tenant in common or for life, or a mortgagor can acquire title to land of his principal or against the mortgagee, by purchase at tax sale.

SAME.—*Payment or Tender of Taxes.—Suit to Set Aside Sale.*—A sale for taxes will not be set aside and declared void until the taxes actually due are paid or tendered.

CHANGE OF VENUE.—*More than One Change to the Side.*—If a change of venue from the judge is granted upon the application of one of the defendants, another change can not be granted on the application of another defendant.

From the Lawrence Circuit Court.

*G. A. Bicknell, N. Crooke* and *J. H. Willard,* for appellants.

— *Martin* and *J. E. Boruff,* for appellees.

MILLER, J.—This was an action brought by the appellees against the appellants, to quiet the title to a tract of real estate.

The complaint was in two paragraphs, the first being in the ordinary form, alleging that the plaintiffs were the owners of the land in fee simple, and the defendants claimed an interest therein adverse to the plaintiffs, which claim was without right, and was a cloud upon the plaintiffs' title.

The second paragraph, as amended, averred that in 1872 Kate Ames was the owner of the property, and that there was then pending a certain slander suit, in which Joseph Hendricks was plaintiff and Oliver Ames defendant; that said Kate Ames and the plaintiff in the slander suit entered into an agreement in writing, to the effect that if Hendricks would dismiss the slander suit against said Oliver he, Hendricks, should have the premises described in the complaint free of rent until the youngest of the plaintiffs should become of age, provided Hendricks would pay the taxes on the property and keep the same in repair; that, in pursuance of the agreement, Hendricks took possession of the property; that Kate Ames died in the year 1877, and the plaintiffs are her heirs at law, and are now over the age of twenty-one years; that said Joseph Hendricks violated said agreement by allowing the property to become delinquent for taxes, and permitting the same to be sold therefor ; that Rebecca Hendricks, who was the wife of said Joseph, became the purchaser of the property at tax sale, she at the time having

full knowledge of the written agreement; that the plaintiffs were without knowledge, until recently, that the property had been sold for taxes, or that it had become delinquent; that, since the sale of the lot to Rebecca Hendricks by the auditor, she has sold and conveyed the same to the defendants, who had full knowledge of the facts herein stated; that plaintiffs can not set out a copy of the written agreement for the reason that the original is in the hands of the defendants' counsel.

The prayer is that the conveyance from Rebecca Hendricks to the defendants be declared *null* and *void*, and that the title of the plaintiff be quieted.

A demurrer was overruled to this paragraph of complaint, and this ruling is assigned as error here.

The paragraph of complaint under consideration proceeds upon the assumption that the tax sale to Rebecca Hendricks was ineffectual to convey title, because she was the wife of Joseph Hendricks, who was in possession of the land at and prior to the tax sale, under an agreement to pay the current taxes, and that, having acquired no title under that sale, she could convey none to the appellant.

It is well settled that one in possession of land, under covenant to pay taxes, can not permit the land to be sold, and acquire title against the rightful owner by becoming the purchaser at a tax sale. Blackwell Tax Titles, section 579; Black Tax Titles, section 145; *Busch* v. *Huston*, 75 Ill. 343.

This doctrine has been extended to include agents and attorneys, tenants in common, tenants for life, mortgagors, and other lien-holders.

In *Bernal* v. *Lynch*, 36 Cal. 135, it was held that the purchase of property at a sale for taxes, by the agent of one who was in possession of land, either by himself or his tenants, did not pass or otherwise affect the title to the land.

In *Burns* v. *Byrne*, 45 Iowa, 285, it was held that a husband who was in possession of property with his wife, and

presumably enjoying the profits of the land, could not neg-
lect to pay the taxes and purchase the property at a tax
sale so as to acquire a valid title, either against her or one
who was a tenant in common with her.

In *Laton* v. *Balcom*, 64 N. H. 92, it was held that a hus-
band could not become the purchaser of the separate real
estate of the wife by a clandestine payment of taxes. The
opinion recognizes the separate property rights of the hus-
band and wife, but holds that, owing to the confidential re-
lations existing between them, it would be inequitable,
shocking to the moral senses, and a palpable violation of the
marital contract to permit either party to thus deal with the
property of the other.

In *Carter* v. *Bustamente*, 59 Miss. 559, the court held that
the wife of a grantor in a trust deed could acquire a tax
title to the incumbered land, and defend against a purchaser
at a sale by the trustee.

CHALMERS, J., in a concurring opinion, suggested that a
wife might be estopped from setting up a title acquired by a
husband's default in paying his taxes.

We have been unable to find a case in which the precise
question before us has been adjudicated.

It seems to be settled law that a husband, whose duty it
is to look after the business interests of his wife and family,
as well as to support them, will not be permitted to acquire
title to the property of his wife by purchase at a tax sale;
but we know of no law to prevent a wife from purchasing
at a public tax sale the lands of her husband, or of others
of which he is in possession, provided the purchase is made
on her own account and with her own money. A wife is
under no obligation, moral or legal, to pay the taxes on her
husband's property.

If, however, such purchase was made with the funds of
the husband, or by his procurement, or for his use, or in
pursuance of an arrangement made between the husband and
wife, in fraud of the owner or joint owner of the property, a

very different question would arise. A purchase by the wife of real estate in possession of the husband, under an agreement requiring him to pay taxes, is of itself sufficient to excite suspicion.

In the case before us there is no suggestion of fraud or unfair dealing, except such as might be inferred from knowledge of the wife that the husband had agreed to pay the taxes. We are of the opinion that this is not sufficient. We can not infer that which is not pleaded.

We do not hold that Rebecca Hendricks acquired the legal title to the property in controversy by her purchase. That is not before us. It does, however, appear that she has expended money in the purchase of this land; that, as between her and the plaintiffs in the action, they ought to refund to her, if her tax deed does not transfer the title, and that she has by her conveyance transferred her right to this fund to the appellants.

In such case, before the plaintiff can be heard in a court of equity to ask that such sale and conveyance be set aside and declared void, and their title quieted, they must do that which equity requires, namely, pay or tender that which has been expended for their benefit. *Shannon* v. *Hay,* 106 Ind. 589; *Rowe* v. *Peabody,* 102 Ind. 198; *Hewett* v. *Fenstamaker,*128 Ind. 315.

It follows that the court should have sustained the demurrer to the second paragraph of the complaint.

The court did not err in refusing to grant a second change of judge after one had been allowed upon application of one of the defendants. *Peters* v. *Banta,* 120 Ind. 416; *Griffith* v. *Dickerman,* 123 Ind. 247.

Some other questions are presented for our consideration by the appellants in their brief, but inasmuch as they are not likely to arise on a second hearing, and we are not favored with an argument by the appellees, we will not discuss them.

Judgment reversed.

Filed Feb. 20, 1892.