Filed April 19, 1892.

---

No. 15,772.

SMITH, TREASURER, *v.* THE UNION COUNTY NATIONAL BANK.

TAXATION.—*Enjoining Collection of Taxes.—Part Valid.—Tender or Offer to Pay Must be Shown.*—Where the complaint shows that part of the taxes the collection of which is sought to be enjoined are valid, and there is no offer or tender to pay them, the complaint can not withstand a demurrer for want of facts.

From the Union Circuit Court.

*J. D. Evans*, for appellant.

*L. H. Stanford*, for appellee.

ELLIOTT, C. J.—The appellee avers, in its complaint, that

it is a national bank incorporated under the laws of the United States; that it is located in the town of Liberty, in Union county, and that its stockholders are residents of that county; that its paid-up capital stock is fifty thousand dollars, divided into five hundred shares of one hundred dollars each; that it owns a town lot of the value of eighteen hundred dollars; that on the 8th day of May, 1889, its cashier made out a correct and true statement, in duplicate as required by law, showing therein the number of shares of its capital stock, the names and residence of its stockholders, the number of shares owned by them respectively, and the fair cash value of each share, as well as the fair cash value of the entire capital stock of the bank, on the 1st day of April, 1889; that in the statement each share of stock was valued at one hundred dollars, and the entire capital stock at fifty thousand dollars; that the assessor to whom the statement was delivered made return to the county auditor on the 8th day of May, 1889; that on the list, or statement, a credit was noted in favor of J. C. Kitchell, a shareholder, for seven thousand dollars, that sum representing the indebtedness of the shareholder Kitchell; that the credit so claimed reduced the stated value of the capital stock to forty-three thousand dollars; that on the 17th day of June, 1889, the county board of equalization, then in session, made and caused to be entered of record an order changing the assessment by increasing the valuation of the capital stock to seventy-five thousand dollars.; that neither the bank nor its stockholders were given any notice whatever; that the assessment as made by the board was placed on the tax duplicate and the duplicate delivered to the appellant, the treasurer, who threatens to collect the assessment.

There is at least one fatal defect in the complaint. There is no offer or tender of the amount of the taxes due upon the property returned for taxation. The complaint concedes that taxes upon at least forty-three thousand dollars of the capital stock are valid, and without payment or tender of

The Toledo, St. Louis and Kansas City R. R. Co. v. Stephenson, Trustee.

those taxes there can be no cause of action, even conceding that the increase in the valuation by the board of equalization was void. *Smith* v. *Rude Bros.*, etc., *Co.*, ante, p. 150, and cases cited; *Morrison* v. *Jackoby*, 114 Ind. 84; *Hewett* v. *Fenstamaker*, 128 Ind. 315. For the reason given, if for no other, the court erred in overruling the demurrer to the complaint. We shall neither consider nor decide any other objections to the complaint, inasmuch as no others are urged by the appellant's counsel. As the complaint is bad, and must be so adjudged, it is unnecessary to examine or decide the questions made upon the special finding, although it is proper to say that the finding does not show payment or tender of any part of the taxes.

Judgment reversed.

Filed April 9, 1892.