Wood and others, Appellants, vs. Armour, Respondent.

*October 8 — October 23, 1894.*

*Married women: Acquisition of tax title to land in husband's possession:* *Adverse possession: Agency of husband.*

A married woman, if acting in good faith, may acquire with her separate estate a tax title to land, although her husband is in possession thereof and under legal obligation to pay the taxes; and after she has acquired such title and had it put on record her possession of the land through tenants will be none the less adverse to the original owner because her husband acts as her agent in the management of the property.

APPEAL from the Circuit Court for *Waukesha* County. This is an action of ejectment tried by the court. The evidence showed that prior to February 14, 1850, one Curtis Mann held the title in fee to a quarter section of land, a part of which is in controversy in this action. On the last-named date he deeded the entire property to one John P. Wood, who was then living in Hartford, N. Y., and who died in September, 1864, still holding the paper title to said lands. The plaintiffs in this action are his widow and heirs at law. At the time of the execution of said deed, Wood and Mann were copartners in the grain and commission

business at Buffalo, N. Y.; Wood then living at said Hartford, and Mann at Buffalo. The evidence fails to show what consideration passed for the execution of said deed, or whether in fact there was any consideration. There was some evidence which tended to indicate that the deed was probably executed by Mann in order to place the title of the property beyond the reach of his creditors. There was also evidence indicating that the deed might have been given as security for moneys advanced by Wood to Mann. At the time of the execution of said deed the land was leased to a tenant, and continued in that situation for several years, but it is not entirely clear from the evidence whether the rents and profits were received by Mann or by Wood.

In April, 1856, Mann moved to this state with his family; and went into possession of said quarter section of land, with other adjoining lands upon which he lived. It was fenced and cultivated. The character of Mann's entry and possession is in dispute; the plaintiffs claiming that such entry and possession were permissive, while the defendants claim that they were hostile and adverse. The evidence shows further that Mann remained in actual possession until August, 1887. He paid all taxes until November, 1877, when he became insolvent and paid no further taxes.

The taxes not being paid, the land was sold for the unpaid taxes in 1883 and 1884, and tax deeds, which were fair on their face, were issued to Warham Parks, the holder of the tax certificate, in August, 1887. During the same month, Nancy M. Mann, the wife of Curtis Mann, bought the title of the tax-title holder with money arising from her separate property, and received a deed therefor. The land was then in possession of tenants. After receiving her deed, Nancy Mann received the rents of the land thereafter accruing, made repairs, and paid all necessary help upon the land, redeemed unpaid taxes, and paid the cur-

Wood and others vs. Armour.

rent taxes thereon, her husband acting as her agent. September 28, 1892, the land in controversy in this action, being a part of said quarter section, was conveyed by Nancy Mann to one Morse, who afterwards conveyed the same to the defendant.

The circuit court found, among other things, that the land had been adversely possessed by Curtis Mann for more than twenty years, and that the tax title acquired by Nancy Mann was valid, and had been followed by adverse possession for more than three years. Judgment was entered for the defendant, from which the plaintiffs appeal.

For the appellants there was a brief by *Quarles, Spence & Quarles,* and oral argument by *Charles Quarles.*

For the respondent there was a brief by *Warham Parks,* attorney, and *Ryan & Merton,* of counsel, and oral argument by *Mr. Parks* and *Mr. E. Merton.*

WINSLOW, J. The record is quite voluminous. The foregoing statement does not state all of the facts which appear in evidence, but it is believed that it states all the facts which are material to the decision of the case. The question was much discussed, both in the briefs and in the argument, whether Curtis Mann's entry and subsequent possession were adverse. In the view we have taken of the case, we find it unnecessary to decide this question. When the tax deed was executed the title to the property was either in the plaintiffs or in Curtis Mann, and in either event it was entirely competent for Nancy Mann, out of her separate estate, to purchase that tax title. The tax deeds were fair on their face. No irregularity is shown or claimed in the levy of the tax upon which they were based. Hence, they conveyed a title in fee simple, unless there was some legal reason why Nancy Mann could not purchase that title.

It is suggested that Curtis Mann could not acquire the tax title, because he was in possession of the land and it

was assessed to him, so that he was under legal obligation to pay the taxes. However much force this argument might have against a title acquired by Curtis Mann, or by a third person collusively for Mann's benefit, it has no force against Mrs. Mann, who was not in possession and was under no obligation to protect the title. No duty rested on her to pay the taxes on these lands, whether they belonged to her husband or to the plaintiffs. She had a separate estate, and if she chose to use a part of it in purchasing a tax title on these lands in good faith and for her own benefit, we know of no rule, in the present state of the law as to the property rights of married women, which would prevent her from doing so. The evidence showed, and the court rightly found, that after such purchase she went into possession of the lands in question, and held such possession until she conveyed the same to the defendant's grantor. The actual manual possession during this time was in tenants, but we think the possession of these tenants, under the facts, must be held to be the possession of Mrs. Mann. She received the rents and profits, built fences, repaired buildings, paid the taxes, and managed the property as her own. It is true that her husband acted as her agent in many of these matters, but it is entirely competent for the husband to so act in the transaction of his wife's separate business, and we do not see how this is to prejudice the wife's rights. Certainly, no one has had possession adverse to her since she acquired title. The plaintiffs have not, and her husband has not, nor have the tenants. She put her title on record at once, thus announcing to all the world, including the plaintiffs, that she claimed title to the premises. This constituted not only a "challenge of the right of the original owner and all opposing claimants, but it was notice to them of its existence and presumed validity." *Knox v. Cleveland,* 13 Wis. 245.

In any view which we have been able to take of the case; we have been unable to see why the tax title acquired by Nancy Mann did not vest in her a perfect title to the property, which is now vested in the defendant, her grantee.

*By the Court.*— Judgment affirmed.