HERRIN *v.* HENRY.

Opinion delivered May 6, 1905.

TAX SALE—PURCHASE BY OWNER'S WIFE—EFFECT.—Where an insolvent debtor permitted his land to forfeit for taxes, and bought it in his wife's name and with her means, the transaction will be treated, so far as his creditors are concerned, as, in effect, a redemption of the land by him.

Appeal from Desha Chancery Court.

MARCUS L. HAWKINS, Chancellor.

Reversed.

### STATEMENT BY THE COURT.

H. L. and Frame W. Henry were brothers and partners in business, and failed in 1891. They owned as tenants in common the land in controversy. They mortgaged other lands to one Harris, a creditor, and it seems they both thought for a time that the land in controversy was included in that mortgage, but it was not, and the other lands were sold under foreclosure. H. L. Henry conveyed his interest in the land in controversy to Frame W. Henry, and in 1894 the latter was in possession of it, and received the rents, which were substantial, and let it go delinquent for the taxes of that year. In 1895 F. W. Henry, acting for his wife, the appellee, purchased the lands in her name at tax sale for $5.60 with money derived by Mrs. Henry from an ancestral estate of hers.

In regard to this separate income and its use by her husband and the purchase of the land at tax sale Mrs. Henry testified as follows:

18

Q. "Did you keep these funds separate, or did you permit your husband to use them?"

A. "My husband used what he wanted of it."

Q. "Did you use the identical means that was received from your mother's estate in the purchase of this land, or did you secure it from your husband of what he had used of it?"

A. "It was part of the identical money. I considered the means as much his as mine. I considered it his which I gave to him."

Q. "Did you consider and treat and claim the land purchased by you at tax sale as yours as soon as your purchased it?"

A. "I did not claim it under two years; he had two years to redeem it in."

In regard to the purchase itself Mrs. Henry testified: "I did not attend the sale referred to in 1895, but sent the money down by my husband, Mr. Henry, to buy the land in, and he acted for me. He said if I had the money to send it down by him, and he would buy it, or have it bought in for me, which was about $6."

It was admitted that Mr. Henry was insolvent at the time. This is an action by a judgment creditor and the administrator of Mr. Henry's estate to subject the land to the payment of his debts, and to declare Mrs. Henry a trustee for the creditors. The chancery court denied the relief prayed for, and it is brought here on appeal.

*W. S. McCain,* for appellant.

The purchase at the tax sale by the wife of Henry was a fraud. 65 Ark. 566. The rents of wife's lands in Tennessee belong to the husband. 38 Ark. 91; Rodg. Dom. Rel. § 234. The burden is upon the vendee to show good faith. 64 Ark. 508; 68 Ark. 162; 55 Ark. 59; 67 Ark. 105; 71 Ark. 611; 66 Ark. 419. Appellee cannot claim the benefit of the statute of limitations. 60 Ark. 163; 67 Ark. 411; 71 Ark. 273, 393.

*F. M. Rogers,* for appellee.

Appellant as administrator has no interest in the realty, save for the purpose of paying debts, and not then until the personalty

has been first exhausted. Kirby's Dig. § § 186, 188; 41 Ark. 92; 46 Ark. 373; 49 Ark. 87.

*W. S. McCain,* for appellant in reply.

The confidential relations of husband and wife forbid that either should purchase the other's land at a tax sale. 68 Miss. 69; 54 Kan. 649; 10 Am. St. 124; 113 Mich. 185; 89 N. W. 1116; 94 Ala. 266; 45 Ia. 285. The suit is properly brought. Kirby's Dig. § 81.

HILL, C. J., (after stating the facts.) Mr. Henry was insolvent in 1894, and in possession of the land in controversy, and receiving rent therefor, and allowed the taxes to go delinquent. At the tax sale, acting as agent for his wife, he purchased the land for Mrs. Henry with separate funds of hers, but which she held at all times subject to his uses and wants; in other words, this fund was in a common purse between husband and wife. To enable an insolvent husband to permit his lands to be transferred to his wife through the medium of a tax sale is not less a ,fraud upon the rights of his creditors than to transfer it directly for the same consideration which the tax purchase cost. Had Mrs. Henry bought for $5.60 this tract of land, producing upwards of $100 annual rent, of her husband, then no question could have been raised that it was fraudulent as to creditors. By indirection the same results are reached, and the same consequences must follow. That Mr. Henry purposely permitted the lands to go delinquent is evident; but, even if his necessities had taken his rent money, and the land went delinquent through misfortune, the result would work out the same. Mrs. Henry says her husband used what he wanted of this money, and such as she gave him she considered his. With this common fund he could have carried the burden of the tax paying and redeemed the land on the day he purchased for his wife; but, instead of doing this, as agent of his wife, he buys for her his own land thus offered for sale on account of his default. In this way and for this nominal consideration it is withdrawn from his creditors. The duty rested on him to pay the taxes; and when such is the case, a payment by the wife will be treated as his payment. She cannot take advantage of his default to gain an advantage over his creditors.

It is argued that the separate estates of married women permit them to buy as strangers at such sales, but the law forbids one spouse from obtaining a title when the other is disqualified to act. This rule does not rest on a privity of estate between them, but upon public policy requiring that facts preventing one from acquiring title prevent the other, and thereby "close the door that offers temptation" to fraudulent practices. *Robinson* v. *Lewis,* 68 Miss. 69.

The rule seems thoroughly settled that a husband or wife cannot obtain a tax title when the other is disabled from obtaining it, or in opposition to the other when they are in joint possession. *Laton* v. *Balcom,* 64 N. H. 92; *Robinson* v. *Lewis,* 68 Miss. 69; *Burns* v. *Byrne,* 45 Iowa, 285; *Warner* v. *Broquet,* 54 Kan. 649; *Ward* v. *Nestell,* 113 Mich. 185.

In this case the attempted purchase at tax sale by Mrs. Henry must be treated as if done by Mr. Henry, and it amounted to a redemption of the land from his delinquency.

The case is reversed, and the cause remanded with directions to subject the land to the payment of the debts of Mr. Henry, subject to the dower rights of Mrs. Henry.