ALLEN JORDAN ET AL. v. J. A. SIMMONS.

(Filed 12 May, 1915.)

**1. Tax Deeds—Limitation of Actions—Interpretation of Statutes.**

The three-year statute of limitations bars the right of action in favor of a claimant under a tax deed (Pell's Revisal, sec. 2909), and the general statute, Revisal, secs. 390-395 (10), is broad enough to include actions for and against such claimant, and bars the right of action after the time stated in the general statutes from the execution of the tax deed.

**2. Pleadings—Tax Deeds—Limitation of Actions.**

The three-year statute of limitations in favor of or against the claimant under a tax deed to lands must be properly pleaded to be made available.

**3. Tax Deeds—Limitation of Actions—Possession.**

*Semble*, the three-year statute of limitations may not be successfully pleaded by the claimant under the tax deed against the original owner in possession of the lands.

**4. Tax Deeds—Purchaser—Husband and Wife.**

A wife may become the purchaser of her husband's land under a sheriff's sale for taxes, paying for the same out of her separate funds, and acquire the title as a third person may do.

APPEAL by plaintiff from *Adams, J.,* at September Term, 1914, of MONTGOMERY.

Civil action to establish title and recover possession of a tract of land, instituted in May, 1903, and, as it now appears, only Allen Jordan was named in the summons as plaintiff. There seem to be facts in evidence tending to show that it was thereafter prosecuted for both Allen Jordan and his wife, Mary, but there is no entry in the record as it now appears showing that the wife was formally made a party. Both the husband and wife having died, at January Term, 1908, Molly Deaton, heir at law of plaintiffs, and J. M. Deaton, administrator of both plaintiffs, were by formal order made parties plaintiff and, in April, 1910, filed an elaborate complaint, styled an amended complaint, and again amended at August Term, 1914, in which plaintiff alleges ownership of the land, in general terms. (2) That plaintiffs and defendants claim the land under Allen Jordan and alleging facts in impeachment of defendant's claim, on the ground of fraud. (3) That plaintiff is the owner under and by virtue of a tax title in which the land was sold for taxes in May, 1909; was bid off by one G. S. Beaman, the bid assigned to Mary Jordan, and conveyed to her by deed of sheriff, pursuant to the tax sale; the deed bearing date 6 May, 1909.

The defendant denied the ownership of plaintiffs, admitting, in effect, that he had acquired the title through Allen Jordan, denied the allegation of fraud, and pleaded the statute of limitations thereto, and pleaded, further, an estoppel by reason of a judgment in favor of J. P. Leach, the immediate grantor of defendant, against Allen Jordan.

At the close of the evidence, on motion, there was judgment of nonsuit, the case on appeal stating the ruling of his Honor and the reason for it, as follows: "It appearing to the court that the tax deeds introduced by the plaintiffs were executed on 6 May, 1899, and the summons in this action issued 6 May, 1903; because it was not brought within three years of the date of the execution of the sheriff's deed. There being no evidence of fraud, the motion of the defendant is allowed."

Plaintiffs, having duly noted their exceptions, appealed.

*W. A. Cochran for plaintiff.*
*Thomas J. Jerome for defendant.*

HOKE, J. In Laws of 1895, ch. 119, sec. 69, it was provided that no action for the recovery of real property sold for the nonpayment of taxes shall lie unless the same is brought within three years after the sheriff's deed is made, etc. The statute contained a proviso giving indication that it was the intent and purpose of the lawmakers that the provision should operate in favor of the claimant under the tax title and against the

original owner, and, so construed, the section and the proviso are brought forward in 2 Pell's Revisal, ch. 72, sec. 2909, being the last clause of the section, and see *Lyman v. Hunter,* 123 N. C., 508. In addition to this, our general statute of limitations, Revisal, secs. 390-395, subsec. 10, contains provision "that an action for the recovery of real property sold for taxes is barred unless the same is instituted within three years after the execution of the sheriff's deed."

This last statute, in terms plain of meaning, is broad enough to include actions both for and against the claimant under the tax title, and, where the facts bring the case within its provisions and the question is properly presented, we think such claimant is also barred after three years from the execution of the tax deed. It is, however, in strictness, a statute of limitations and, as such, comes under the established rule that, in order to be effective, it must be properly pleaded. *Oldham v. Reiger,* 145 N. C., 254; *Guthrie v. Bacon,* 107 N. C., 337.

On careful perusal of the record we find no plea of the statute in this aspect of the case, and the defenses arising thereunder are, therefore, not properly available to defendant on the case as now presented. In addition to this, there is the permissible inference on the facts in evidence that the original owner may have continued in possession of the property until within three years next before action brought, and the general rule is that a statute of limitations rarely operates against one in the enjoyment of the right. *McNair v. Boyd,* 163 N. C., 478.

It was suggested on the argument that a wife is not allowed to acquire a tax title of her husband's property and hold the same for her own benefit, citing *Laton v. Balcum,* 64 N. H., 92.

It may be that a husband, in the management and control of the wife's property, is not allowed to buy in her property at a tax sale, without her knowledge and consent, and hold same adversely to her. Such conduct might very well be considered such a breach of duty on his part as to render his purchase of none effect against the wife's ownership. But we are not impressed with the position as applied to the facts of this case, and we see no reason, when a husband's property is sold for taxes, why a wife should not be allowed to purchase for her own benefit. The case is referred to in Black on Tax Titles, sec. 286, and while the author appears to give the general principles, announces his approval, and quotes extensively from the opinion, he seems to be somewhat hesitant about the position, and also quotes from an Indiana case as follows: "It seems to be settled law that a husband, whose duty it is to look after the business interests of his wife and family as well as to support them, will not be permitted to acquire title to the property of his wife by purchase at a tax sale, but we know of no law to prevent a wife from purchasing, at a public tax sale, the lands of her husband, . . . provided the pur-

chase is made on her own account and with her own money. A wife is under no legal or moral obligation to pay the taxes on her husband's property."

On careful perusal of the record, we think the plaintiffs are entitled to a new trial of the cause, and it is so ordered.

New trial.