CLARK, C. J., concurring.
This case was before this Court at a former term, and is reported in169 N.C. 140. That report is referred to for a statement of the case.
The land is controversy was claimed by Allen Jordan, who was in possession of it on 2 May, 1898, when it was sold for his taxes and bid off by G.S. Beaman, who assigned his bid to Mary Jordan, the wife of Allen Jordan. The sheriff's deed to Mary Jordan is dated 6 May, 1899. This action was commenced on 6 May, 1903, by Mary Jordan and her husband, Allen Jordan, to recover the land. They died pending the action, and their heirs at law, I. M. Deaton and wife, Mollie O. Deaton, have been made parties plaintiff, claiming the land under Mary Jordan. It is claimed that Mary Jordan was not a party plaintiff when the action was instituted, but became so in 1905. In our view, that is immaterial.
In our former opinion the statute is cited which enacts that no action for the recovery of real property sold for the nonpayment of taxes shall lie unless the same in brought within three years after the sheriff's deed is made. It appears in the evidence offered by plaintiff and upon the record that this action was not instituted until four years from date of the sheriff's deed, and therefore it cannot be maintained (538) unless there is something to take it out from the bar of the statute.
Plaintiff claims that after the land was sold, Mary Jordan entered into possession and has remained in possession until ousted, and therefore no action was necessary. There is no evidence that Mary Jordan ever was in possession of the land in her own right. The land belonged to her husband, Allen Jordan, so far as this record discloses, when sold for taxes. There is no evidence that Mary Jordan asserted any dominion over the land after she received the sheriff's deed other than she did prior thereto. There is no evidence that her husband yielded up possession to her, or that she committed any acts tending to prove that she had taken possession and was asserting her rights as owner. On the contrary, plaintiff's witness Russell testified that he and his father rented the land in 1899 and 1900 from Allen Jordan, and that the latter took out claim and delivery proceedings in his own name in 1900 for the rent.
Plaintiff's witness Howell testifies: "Well, about as far back as I remember, the land was being tended by old Colonel Jordan, and was in his possession up until, well, ever since he purchased it until Mr. Simmons got into law and got in possession."
We are unable to find any evidence in the record that prevents the bar of the statute. *Page 572 
The learned counsel for plaintiffs earnestly contends that the court erred in excluding the following question asked witness Saunders: "What acts of possession did Mrs. Jordan exercise over this land?"
This question was competent and relevant and should have been allowed, and we would grant a new trial but for the fact that, although it was excluded, the witness stated: "I know only what I have heard her and Colonel Jordan say."
Their declarations were not asked for and are not set out in record, and whether competent or not is a matter not before us.
Affirmed.