(113 So. 522)

**DINSMORE et al. v. J. H. CALVIN CO.**
(8 Div. 897.)

Supreme Court of Alabama. June 9, 1927.

Rehearing Denied June 30, 1927.

**1. Fraudulent conveyances ⬦═263(1)—Cross-bill held to allege fraudulent conveyance from debtor to wife to defraud creditors through medium of tax sale.**

In suit to quiet title, cross-bill *held* to sufficiently allege fraudulent conveyance from debtor to wife to defraud creditors through medium of a tax sale.

**2. Fraudulent conveyances ⬦═23—Form of transaction by which property liable to satisfaction of creditors' demands is fraudulently sought to be placed beyond their reach is immaterial.**

Form of transfer by which property liable to satisfaction of demands of creditors is fraudulently sought to be placed beyond their reach is immaterial; all such transactions being avoided on prayer of creditors.

**3. Fraudulent conveyances ⬦═259(1)—Under averments of bill to set aside fraudulent conveyance from debtor to wife through medium of tax sale, it was unnecessary to offer to refund wife sum paid at tax sale.**

Under averments of cross-bill alleging fraudulent conveyance of land from debtor to wife through medium of a tax sale, and seeking to have tax deed canceled as in fraud of creditors, it was unnecessary that the bill should offer to refund to wife sum paid at tax sale.

**4. Equity ⬦═246—Effect of sustaining demurrer to paragraph of bill is to strike same.**

Effect of sustaining a demurrer to a paragraph of a bill is to strike same.

Appeal from Circuit Court, Morgan County; James E. Horton, Judge.

Bill in equity by Ava P. Dinsmore against J. H. Calvin Company and another, and cross-bill by Calvin Company against the complainant and J. J. Dinsmore. From a decree overruling demurrers to the cross-bill, cross-defendants appeal. Affirmed.

E. W. Godbey, of Decatur, for appellants.

Complainant had the unquestioned right to purchase her husband's property at tax sale. Wood v. Armour, 88 Wis. 488, 60 N. W. 791, 43 Am. St. Rep. 918; Nagle v. Tieperman, 74 Kan. 32, 85 P. 943, 88 P. 969, 9 L. R. A. (N. S.) 674, 10 Ann. Cas. 977; Kampfer v. East, etc., Syndicate, 95 Minn. 309, 104 N. W. 290; Jordan v. Simmons, 169 N. C. 140, 85 S. E. 215; Willard v. Ames, 130 Ind. 351, 30 N. E. 211; Carter v. Bustamente, 59 Miss. 559; Murray v. U. S., 29 Ct. Cl. 366; Bracken v. Milner, 99 Mo. App. 187, 73 S. W. 225; Mooring v. Little, 98 N. C. 472, 4 S. E. 485; Marcellus v. Wright, 51 Mont. 559, 154 P. 714.

A. J. Harris, of Decatur, for appellee.

The wife may not acquire the title to her husband's property by becoming the purchaser at a tax sale. Laton v. Balcom, 64 N. H. 92, 6 A. 37, 10 Am. St. Rep. 381; Robinson v. Lewis, 68 Miss. 69, 8 So. 258, 10 L. R. A. 101, 24 Am. St. Rep. 254; Jordan v. Simmons, 169 N. C. 140, 85 S. E. 214; Herrin v. Henry, 75 Ark. 273, 87 S. W. 430. The cross-bill discloses a fraudulent conveyance of the lands of the husband to his wife through the medium of a tax sale. Cook v. Clark, Davis & Co., 212 Ala. 257, 102 So. 213; Herrin v. Henry, supra; 27 C. J. 644.

GARDNER, J. The original bill in this cause, filed by Ava P. Dinsmore, was a statutory bill to quiet the title to certain lands in Morgan county, therein specifically described, and to which the J. H. Calvin Company, a corporation, was made a party defendant. The answer of said defendant discloses that its claim upon the land was that of a judgment lien creditor; that the lands originally belonged to J. J. Dinsmore, the husband of complainant, the latter acquiring her title by virtue of a purchase at tax sale of said property; that the tax sale and purchase by complainant were for the purpose of defrauding the creditors of said J. J. Dinsmore, including said defendant. The answer is made a cross-bill; Ava P. Dinsmore and her husband, J. J. Dinsmore, being made parties defendant thereto. The tax deed to said Ava P. Dinsmore is sought to be canceled as in fraud of creditors, and the land subjected by sale to the satisfaction of cross-complainants' demand. Cross-defendants interposed demurrers to the cross-bill which were overruled, and from this decree the appeal is prosecuted.

It is insisted by the assignments of demurrer and the argument in their support that the tax sale was a public one, and that the wife of J. J. Dinsmore had a right to purchase with her own funds the property of her husband at such sale, citing, among other authorities, Cone v. Wood, 108 Iowa, 260, 79 N. W. 86, 75 Am. St. Rep. 223; Nagle v. Tieperman, 74 Kan. 32, 85 P. 941, 88 P. 969, 9 L. R. A. (N. S.) 674, 10 Ann. Cas. 977; Wood v. Armour, 88 Wis. 488, 60 N. W. 791, 43 Am. St. Rep. 918; Willard v. Ames, 130 Ind. 351, 30 N. E. 210; Jordan v. Simmons, 169 N. C. 140, 85 S. E. 214; Mooring v. Little, 98 N. C. 472, 4 S. E. 485. There are authorities holding to the contrary upon grounds of public policy, resting upon the principle of mutual trust and confidence implied in the marital contract. Laton v. Balcom, 64 N. H. 92, 6 A. 37, 10 Am. St. Rep. 381; Herrin v. Henry, 75 Ark. 273, 87 S. W. 430, and cases cited in the note to Nagle v. Tieperman, supra. But that is not the case here presented, and there is no necessity for a consideration of these conflicting views.

---

⬦═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1, 2] The cross-bill establishes a case of fraudulent disposition of his property by a debtor to defeat his creditors, with the connivance and co-operation of his wife, who, as a result of such scheme, acquires the tax title thereto. As said by this court in Cook v. Clark, Davis & Co., 212 Ala. 257, 102 So. 213:

"The form of the transaction by which property liable to the satisfaction of the demands of creditors is fraudulently sought to be placed beyond their reach is immaterial. All such transactions are avoided on the prayer of creditors."

And by the Arkansas court in Herrin v. Henry, supra:

"To enable an insolvent husband to permit his lands to be transferred to his wife through the medium of a tax sale is not less a fraud upon the rights of his creditors than to transfer it directly for the same consideration which the tax purchase cost."

The cross-bill shows the property in question to have been of the value of $5,000, and purchased by the wife at the tax sale for the amount of taxes due thereon of $151.88. In December, 1921, suit was brought by cross-complainant against said J. J. Dinsmore for recovery of the claimed indebtedness, and the case continued from time to time, and judgment rendered against said Dinsmore in September, 1925, a certificate of which has been duly filed and recorded. The cross-bill further shows that for a long time prior to 1921 J. J. Dinsmore owned these lands, and was in actual possession thereof with his wife; that in 1923 he purposely failed to pay the state and county taxes due thereon (though amply able to do so), and allowed the lands to be sold for delinquent taxes July 15, 1923, at which sale his wife became the purchaser for the sum above stated, and on July 20, 1925, a deed was executed to her pursuant thereto.

It is further averred that the sale of the land for taxes was "schemed by Ava P. and J. J. Dinsmore to defeat and defraud the creditors of said J. J. Dinsmore, and place the title in his wife, the value of the lands being $5,000, fully known to both of them, and that J. J. Dinsmore continued to have cross-complainant's case against him continued until the expiration of two years so as to prevent any redemption by any judgment creditor; that the husband and wife continued to reside upon and use the property as they had done prior to such sale." In paragraph 5 is the following:

"Defendant avers that, in the sale of said lands for taxes and the purchase thereof by the complainant, the said J. J. Dinsmore and his wife, Ava P. Dinsmore, were acting in concert, and each intended to defeat the creditors of said J. J. Dinsmore, including this defendant in the collection of their debts, and to place said lands beyond their reach."

[3] The foregoing summary of the recitals of the cross-bill suffices to show that it presents a case of disposition of property in fraud of creditors, the owner and wife acting in concert and for the express purpose of defeating and defrauding the creditors of the husband. It is difficult to see that the averments as to such fraudulent disposition could be more plainly or more strongly stated. Something is said in brief for appellants as to the failure of the bill to offer to refund to cross-defendant Ava P. Dinsmore the sum she paid at the tax sale, but under the averments of the bill such offer was unnecessary. 27 C. J. 644; Ewing v. Gray, 12 Ind. 64.

[4] There are assignments of demurrer directed to separate paragraphs of the bill, but these paragraphs are of course to be considered and construed in the light of the averments of other paragraphs and those of the bill as a whole. The effect of sustaining a demurrer to a paragraph of a bill is to strike the same. Pollak v. Stout's Mountain C. & C. Co., 184 Ala. 331, 63 So. 531; Sandlin v. Anders, 210 Ala. 396, 98 So. 299. It is too clear for discussion that none of these paragraphs are subject to the demurrer interposed.

We are of the opinion the demurrers were properly overruled, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.