HUMPHREYS *v.* McKNIGHT.

4-6407                                    152 S. W. 2d 567

Opinion delivered June 16, 1941.

*Culbert L. Pearce,* for appellant.

*W. D. Davenport,* for appellee.

HUMPHREYS, J.   On January 15, 1934, M. E. Fisher executed a note for borrowed money to appellee, secured same by a mortgage on certain personal property and the indorsement of Thomas Humphreys, the husband of appellant.   At the time Thomas Humphreys signed the note as surety he owned the SW¼ of the NE¼, section 8, township 9 north, range 4 west, in White county, Arkansas, upon which he and his wife, the appellant herein, did not reside nor claim as their homestead.

On November 5, 1934, after signing the note, he allowed the land to forfeit for the non-payment of taxes of 1933, under the description of "a part of the SW¼

of the NE¼, section 8, township 9 north, range 8 west, containing 37 acres more or less.'' The land was sold for the unpaid taxes to the state and on December 22, 1936, was certified to the state by the county clerk under the description last mentioned.

On July 21, 1937, on application of appellant, the State Land Commissioner erroneously dropped the word ''part'' from the description as certified to the state by the county clerk and conveyed same to appellant as the SW¼ of the NE¼, section 8, township 9 north, range 4 west, which quitclaim deed from the state was placed of record on May 18, 1938, in the recorder's office of White county.

The note executed by M. E. Fisher and Thomas Humphreys to appellee was not paid in full, so on October 18, 1939, appellee brought suit against them jointly to recover the balance due thereon and to foreclose the chattel mortgage given by M. E. Fisher in the chancery court of White county. M. E. Fisher and Thomas Humphreys made no defense and judgment was rendered against them jointly and severally for $171.75 and for foreclosure of the chattel mortgage. The chattels were sold under the decree of foreclosure and out of the proceeds from the sale thereof the costs were paid and the remainder credited on the judgment leaving a balance or deficiency judgment for $133.35.

On September 16, 1940, at the request of appellee, an execution on the deficiency judgment was issued and levied upon the SW¼ of the NE¼, section 8, township 9 north, range 4 west, and same was sold on the 26th day of October, 1940, over the protest of appellant, and appellee became the purchaser thereof for the amount of his judgment, interest and costs.

Prior to the confirmation of the sale appellant filed an intervention in the case claiming title to the land by oral gift from her husband, Thomas Humphreys, and under her tax deed from the state.

The prayer for relief in the intervention is as follows:

"That said execution be quashed; that plaintiff be forever enjoined from exercising or claiming any right, title or interest in said real property, or any part thereof as a result of the sale under said execution; that the title to said real property be forever quieted and confirmed in intervener as against said judgment and execution and that she have all other and proper equitable relief."

Appellee filed an answer to the intervention denying that appellant was the owner of the land either under her tax deed or under oral gift from her husband, Thomas Humphreys, and prayed that the sheriff be directed to make him a deed thereto after the confirmation of the sale, and that said deed be confirmed and acknowledged in open court.

The cause was heard by the chancellor upon the pleadings and an agreed statement of facts covering the whole transaction from the time M. E. Fisher executed the note and chattel mortgage to appellee and the indorsement thereof by Thomas Humphreys and the proceedings had and done from the time appellee brought his foreclosure suit and the forfeiture and certification of the land to the state and the purchase thereof by appellant from the state and the testimony of Thomas Humphreys, Audlie Durham and appellee resulting in a finding that the tax deed from the state to appellant was void and that Thomas Humphreys could not legally give the land to appellant, his wife, by an oral gift and thereby defeat the payment of his debts and dismissing the intervention for want of equity, and confirming the execution sale and vesting the title to the property in appellee, from which is this appeal.

Thomas Humphreys testified that he was owner of the land at the time he indorsed the note to appellee for M. E. Fisher and that thereafter on account of ill health and lack of finances he suffered the land to go delinquent for 1933 taxes; that on several occasions after the county clerk deeded it to the state in December, 1936, he told his wife, the intervener, that he could not buy it back from the state; that if she would buy same he would give her whatever interest he had in it; that she borrowed

the money from a married daughter and bought it from the state and that since that time she has had possession of and rented it and paid the taxes thereon, but that he assisted in looking after the place as best he could and when he was able to do so.

Audlie Durham testified appellant told him that her husband was not able to redeem the land and that he would give her whatever interest he had left in it; that he drove her to Little Rock when she bought the land from the state; that he rented it from her and sowed it in hay and paid the rent to her by hauling the rent hay to their home.

C. H. McKnight testified that he had no notice that Thomas Humphreys had given the land to his wife, appellant, and that he was afraid the chattels mortgaged to him by M. E. Fisher would not sell for enough to pay the debt so he required Fisher to get the indorsement of Thomas Humphreys at the time he loaned Fisher the money. He also testified to all that had been done from the date he took the note down to and including his purchase of the real estate under his execution issued on the deficiency judgment.

It is undisputed that at the time Thomas Humphreys suffered the land to forfeit for the non-payment of taxes, he was insolvent and was jointly and severally liable to appellee on his indorsement of the note which he and M. E. Fisher had executed to appellee. It is also undisputed that the forfeiture to the state was void on account of the indefinite and insufficient description under which it had been assessed, sold and certified to the state.

The rule is well established that an insolvent debtor will not be permitted to let his land forfeit for taxes and then permit his wife to buy same in her name with her money and that all such transactions will be treated, so far as creditors are concerned, as a redemption by him.

We think the facts in this case bring it well within the rules announced in the case of *Herrin* v. *Henry*, 75 Ark. 273, 87 S. W. 430. This court said in that case that, where a duty rested upon a husband to pay taxes upon

property, the purchase by his wife at the tax sale should be treated as his purchase and regarded as a redemption for the benefit of his creditors.

The rule is well established to the effect that in equity conveyances made to members of the household or near relatives of an embarrassed debtor are looked upon with suspicion and scrutinized with care and when such conveyances are voluntary, they are *prima facie* fraudulent and when the embarrassment of the debtor proceeds to financial wreck, such conveyances are presumed conclusively to be fraudulent as to existing creditors. There is no doubt in this case that Thomas Humphreys was an existing debtor of appellee at the time he suffered the real estate in question to forfeit for taxes and was at the time insolvent and under these circumstances he was not in a position to make a voluntary oral gift of the land to his wife as against his existing creditor or creditors. The purchase of the land by the wife from the land commissioner, even though the description had been good, amounted to a redemption of the land for the benefit of her husband and her husband's creditors. The two points decided in this opinion are the pivotal questions in the case and we think that the case is ruled by *Herrin* v. *Henry, supra.*

We might add, however, that the execution sale was and is subject to the dower interest of appellant in the land.

No error appearing, the decree is affirmed, with the right to appellant, however, to redeem within 30 days from the date this opinion becomes final.