STUART *v.* PICKETT *et al.*

(Division B.  Oct. 26, 1942.)

[10 So. (2d) 207.  No. 35086.]

**O. B. Triplett, Jr.**, and **Colbert Dudley**, both of Forest, for appellant.

Frank **F. Mize** and **Joe Sid Mize,** both of Forest, for appellees.

**Anderson, P. J.**, delivered the opinion of the court.

The parties to this cause are N. T. Stuart, appellant, and the appellees are the Lackey Lumber Company, a partnership, and John Pickett and his wife. The Lumber Company was indebted either to Mrs. Pickett or Stuart in the sum of $138.50. The question for decision is to whom the money belonged. The lumber company filed its bill of interpleader in the chancery court, making all the other parties to this cause defendants. The hearing on bill, cross-bill of Stuart, and answers and proofs, resulted in a decree in favor of Mrs. Pickett. From that decision, Stuart prosecutes this appeal. The question arose out of the following state of facts: John Pickett owned 80 acres of land which was no part of the homestead and therefore not exempt. He sold the timber on it to the Lackey Lumber Company, a consideration of

$250 to be paid. His wife joined in the conveyance. At the time of the conveyance and for some time prior thereto, Stuart was the owner of an enrolled judgment in the sum of $79.50 and interest and costs against John Pickett. While these conditions existed, the land was forfeited to the state for its taxes. The state's title matured. Thereupon, John Pickett induced the lumber company to advance him $42.50 out of the balance due him on the purchase price of the timber with which to purchase the state's title to the land. He took these funds and paid for the state's title and received the state's deed thereto, in his wife's name.

The chancellor held that Mrs. Pickett got the state's title to the land and was, therefore, as against the judgment creditor Stuart, entitled to the balance due by the Lackey Lumber Company on the purchase price of the timber. When the state's title matured to the land, it was freed thereby from both Stuart's judgment lien and Lackey's conveyance of the timber. In other words, the state held the land unencumbered by either. After the conveyance from the state, the status quo with reference to the timber was restored, Pickett and his wife both having joined in the conveyance of the timber to the lumber company. If, by the conveyance from the state, Mrs. Pickett got the state's title, she was entitled to the balance due by Lackey on the timber conveyance. On the other hand, if her husband, John Pickett, became the owner of the title, his judgment creditor Stuart was entitled to subject the balance to his judgment; so the whole case turns on whether Pickett or his wife got the state's title. We are of the opinion that he did, not his wife, and we reach that conclusion upon the following considerations: These principles about which there is no controversy should be kept in mind: A lien on land is a lien on the timber thereon, before and after the timber is cut off. Section 611, Code 1930; Gerlach-Barklow Company v. Ellett, 145 Miss. 60, 111 So. 92. And a judgment

lien on the timber in equity, follows the proceeds of the sale thereof. Stone v. Townsend, 190 Miss. 547, 1 So. (2d) 237. She did not pay the purchase money for the state's title but he did. It was paid out of the balance due him by Lackey for the purchase money of the timber. He managed and controlled the whole matter of the purchase of the land from the state; she had nothing to do with it, but he took the title, as shown, in her name. He was insolvent. "An insolvent debtor will not be permitted to let his land forfeit for taxes and then permit his wife to buy [the land] in her name *with her money* and all such transactions will be treated, so far as creditors are concerned, as a redemption by [the debtor]." (Emphasis ours.) Humphreys v. McKnight, 202 Ark. 715, 152 S. W. (2d) 567, 569; Herrin v. Henry, 75 Ark. 273, 87 S. W. 430. For a stronger reason, that is true where the wife does not furnish the money. Although there is no decision of our court directly in point, there are some declaring analogous principles. This is especially true where fraud is involved. Hardeman v. Cowan, 10 Smedes & M. 486; Taylor v. Eckford, 11 Smedes & M. 21; Cameron v. Lewis, 59 Miss. 134; Carter v. Bustamente, 59 Miss. 559; Robinson v. Lewis, 68 Miss. 69, 8 So. 258, 10 L. R. A. 101, 24 Am. St. Rep. 254; 27 C. J., Sec. 408, p. 643 The fact that John Pickett took the title in his wife's name instead of his own meant nothing less than that he thereby expected to defeat Stuart's judgment and probably other creditors.

Reversed and judgment here for appellant.