GRIFFIN *v.* GRIFFIN.

(Division B. Jan. 18, 1943.)

[11 So. (2d) 311. No. 35213.]

F. D. Hewitt, of McComb, for appellant.

Jack H. Ewing and Gordon & Gordon, all of Liberty, for appellee.

Argued orally by **F. D. Hewitt**, for appellant, and by **Jack H. Ewing**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On and prior to December 16, 1929, the lands involved herein were owned by appellee, A. M. Griffin and by C. M. Griffin as tenants in common, each owning an undivided half interest. On that date A. M. Griffin conveyed his half interest to his cotenant, C. M. Griffin, reserving a vendor's lien to secure the balance of the purchase money in the sum of $892, payable one year after date. The vendee thereafter made no payment on the purchase money note, and two days before the debt would have become barred by the statute of limitations, the vendor, A. M. Griffin, filed his bill to foreclose the vendor's lien.

The case remained on the docket without any effective action having been taken until, on December 3, 1940, the complainant, appellee here, filed an amended and supplemental bill averring that the vendee, C. M. Griffin, had failed to pay the taxes on the land for the year, 1931, and that the land had been sold to the state for the delinquent taxes, and that on June 12, 1939, a forfeited tax patent had been issued by the state to Marguerite Griffin, the wife of the tax delinquent, C. M. Griffin; and the amended bill, making the patentee a party, prayed that the patent be declared of no effect as against complainant's lien on the land.

On the hearing it was shown that the land was in the occupancy of C. M. Griffin and his wife, Marguerite, as their homestead, during the year 1931, and has continued to be so occupied by them to the present time; and that the tax sale to the state was made on July 4, 1932. Marguerite Griffin testified that she purchased the land from the state as forfeited tax land with her own money. The

court declared and decreed that the tax patent was without effect as against appellee, and granted full relief to the holder of the vendor's lien. Marguerite Griffin alone has appealed.

The general rule is, and this court has long given adherence to it, that neither husband nor wife can purchase the other's land at a tax sale, and it is immaterial in such case that the purchase was made with the purchaser's own money. As stated in Robinson v. Lewis, 68 Miss. 69, 8 So. 258, 10 L. R. A. 101, 24 Am. St. Rep. 254, the rule is founded upon public policy, and because otherwise the opportunities for fraudulent practices would be so numerous and the difficulty of exposing them so great, that the courts must close the doors to the temptation. And the same rule applies when the husband or wife attempts to acquire title from the state based upon a tax sale of the lands of the other spouse to the state. Such an attempt simply operates as a redemption so far as creditors or others interested in the land are concerned. Stuart v. Pickett, 193 Miss. 455, 10 So. (2d) 207.

Appellant seems to argue that this rule is changed by Chapter 196, Laws 1934, which provides a two-year period of limitations against any suit to set aside matured tax sales to the state. This statute applies, however, only to "any defect, irregularity or illegality in the assessment, levy or sale of such land for delinquent taxes," and has no reference whatsoever to the question who may purchase at a tax sale, and makes no effort to remove the disqualification to purchase which is above mentioned. That disqualification exists, although the tax sale is otherwise perfect in every respect, and being perfect would need no statute of limitations to aid it.

We have examined the other assignments urged by appellant and find no reversible error in the record.

Affirmed.