159 So. 220

## WRIGHT v. WRIGHT.
### 6 Div. 138.

Supreme Court of Alabama.
Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

---

Beddow, Ray & Jones, of Birmingham, for appellant.

John W. Altman and Fred G. Koenig, both of Birmingham, for appellee.

KNIGHT, Justice.

The bill filed in this cause by appellee, complainant in the court below, is an original bill in the nature of a bill of review, and seeks "to impeach for fraud in its procurement a decree" rendered in the circuit court of Jefferson county, wherein the present appellant was complainant and the appellee here was respondent.

To the bill as first filed the appellant, respondent in the court below, filed an answer and cross-bill.

Subsequently, the appellant sought to amend her answer by incorporating therein demurrers to the bill, and by striking therefrom the cross-bill feature of the answer. The court declined to permit the appellant to amend her answer by incorporating the demurrers, holding that the demurrers came too late. This ruling of the court constitutes one of appellant's assignments of error on this appeal.

The appellee and appellant were husband and wife, and on the 21st day of July, 1931, the appellant, Thelma Wright, filed in the circuit court of Jefferson county, on the equity side of the docket, her bill against the said J. W. Wright, praying for a dissolution of the bonds of matrimony then existing between them. For that purpose she employed Clark Williams, an attorney at the bar of said court, to represent her in the divorce proceedings.

Before filing the divorce bill for his client, Mr. Williams wrote appellant's husband no-

tifying him that he had been employed by Mrs. Wright to institute the divorce proceedings, and suggested that appellee come to his office for a conference with reference to the controversy. (This letter appears in evidence in the cause.) In response to this letter, the appellee appeared at the office of Mr. Williams, and after one or more conferences an agreement was reached as to alimony and the custody of the child; and an answer to Mrs. Wright's divorce bill was prepared by Mr. Williams, which was filed in the court. This answer is made an exhibit to the present bill, and is in the following language:

"Thelma Wright, Complainant, vs. J. W. Wright, Respondent.

"Circuit Court Tenth Judicial Circuit of Alabama, In Equity.

"Comes J. W. Wright, the respondent in the above styled cause and for answer to the bill of complaint says:

"This respondent admits the allegations of paragraphs one, two and three of said bill of complaint, but denies the allegations of paragraph four and demands strict proof thereof.

"The respondent waives the issuance of a commission and notice of taking testimony and any other notice in said cause and agrees that the cause may be submitted for final decree.

"J. W. Wright, Respondent."

It will be noticed that, in this answer, the said Wright denied the allegations of cruelty charged against him in appellant's suit for divorce, and demanded strict proof of the same, but waived "the issuance of a commission and notice of taking testimony and any other notice in said cause, and agreed that the cause may be submitted for final decree."

It also appears from the bill in this cause that, at the time of the signing of the above-mentioned answer, the said J. W. Wright entered into an agreement with his said wife by which he was to pay her alimony, at the rate of $50 per month, and it was agreed the wife should have the custody of the child of the union, a girl under ten years of age; that he would defray certain expenses of the child, and agree to pay the solicitor of Mrs. Wright $150 for representing her in the cause.

The court on the 29th day of July, 1931, on submission of the cause upon the bill of Mrs. Wright, the answer and waiver of the respondent husband, and testimony as noted by the register, granted Mrs. Wright an absolute divorce, fixed the amount of alimony at $50 per month, and awarded her the custody of the child. This alimony the appellee paid for a while, but was in default in its payment at the time the bill was filed.

In his bill, the complainant avers that he was a mechanic "without legal education or understanding"; that he was not aware of the fact "that there was anything wrong or illegal or in anywise fraudulent or wrongfully collusive in entering into the agreements" alleged in the bill; that "in fact he was ignorant of law and legal procedure, and that divorces could not be agreed to as herein alleged,—or that one attorney could not represent and handle matters of such agreements for both complainant and respondent in such suits—nor properly prepare the pleadings for both such parties," and, in substance, represent them both. "Nor was the complainant advised or informed by said attorney that there was anything unusual or wrongful or fraudulent or wrongfully collusive in any of the matters hereinabove stated or in anything said attorney or the complainant or complainant's wife did or said in connection therewith or in making said agreements, signing or filing the pleadings or obtaining the divorce. And complainant further avers that he did not know at said time that it was illegal for a husband and wife to agree to the obtaining of a divorce."

Complainant denied that he had been guilty of cruelty to his said wife.

Complainant averred that after the decree of divorce was obtained he learned for the first time of the true immoral character of his wife; that she had been guilty of adultery with divers persons, all of which was unknown to him; and that she "carefully and successfully concealed the same from him."

Complainant charged that the appellant was an unfit person to have the custody and rearing of the child which had been awarded to her.

Complainant further charged that the decree granting the divorce, the allowance of alimony and counsel fees, and awarding the custody of the child to respondent was "obtained as a result of the collusion and fraud hereinabove described, to which he was an innocent party, and about which he was ignorant as stated."

On final submission on the pleadings and proof, the court entered a decree setting aside, vacating, and annulling the decree

·granting appellant a divorce from her said husband, and awarding her alimony and the custody of the child, and transferred the custody of said child to her paternal grandmother. The court also refused to allow the appellant to incorporate in her amended answer ·demurrers to the original bill, and declined to consider the same. From this decree, the ·present appeal is prosecuted.

■ That the trial court erred in declining to allow the respondent, appellant, to amend her answer by incorporating therein demurrers to the bill, and in refusing to consider the same, though noted by the respondent on the submission of the cause, is too clear to need argument to demonstrate the fact. That such an amendment was permissible has been our uniform ruling for many years, as fully appears in many of our reported cases. The offer to amend the answer by incorporating demurrers to the bill was timely made. The amendment, with the demurrers incorporated, was actually filed in the cause, and now appears in the amended answer.

In the case of Baggett Mercantile Co. et al. v. Vickery, 213 Ala. 427, 105 So. 207, 208, it was observed: "Demurrer to a bill of complaint may be incorporated in the answer at any time before final decree, though no demurrer was originally filed or incorporated. Shaw v. Lindsey, 60 Ala. 344; Harland v. Person, 93 Ala. 273, 9 So. 379; Sections 6547, 6558, Code 1923."

The appellee in brief admits that the respondent had the right to amend the answer by bringing forward demurrers to the bill, but takes the position that the demurrers were not well taken, and that the refusal of the court to permit the answer to be amended by the incorporation of the demurrer should not therefore work a reversal of the cause. Of course, this would be true, if the demurrers were not well taken, for at most the ruling of the court in such case would be error without injury. Ruse v. Bromberg, 88 Ala. 619, 7 So. 384. However, we think the bill was subject to one or more of the grounds of demurrer directed thereto.·

■ There is no doubt of the general jurisdiction of a court of equity to grant relief against fraud. This jurisdiction extends, as has been repeatedly held by this court, "to the vacation of decrees obtained by fraud in courts of equity, as well as to judgments of courts of law." But the final· judgment or decree of a court of competent jurisdiction is impeachable only for actual fraud in its pro-

curement, or, as otherwise expressed, in its concoction. McDonald et al. v. Pearson, 114 Ala. 641, 21 So. 534, 536.

■ It would seem that the generally accepted doctrine of the ecclesiastical law was that a sentence against the validity of a marriage was never final, but always open to revision and reversal. As a general rule, however, in this country, judgments or decrees entered in divorce cases are subject to vacation and annulment on direct attack on the same grounds as other judgments. And it seems to be well-nigh universally agreed that they do not rest on any ground other than, or different from, that of other judgments or decrees determining the property or personal rights of the parties. Wood v. Wood, 136 Iowa, 128, 113 N. W. 492, 12 L. R. A. (N. S.) 891, 125 Am. St. Rep. 223; Edson v. Edson, 108 Mass. 590, 11 Am. Rep. 393; Wisdom v. Wisdom, 24 Neb. 551, 39 N. W. 594, 8 Am. St. Rep. 215; Adams v. Adams, 51 N. H. 388, 12 Am. Rep. 134; Nichells v. Nichells, 5 N. D. 125, 64 N. W. 73, 33 L. R. A. 515, 57 Am. St. Rep. 540; State v. Watson, 20 R. I. 354, 39 A. 193, 78 Am. St. Rep. 871; Graham v. Graham, 54 Wash. 70, 102 P. 891, L. R. A. 1917B, 405, 18 Ann. Cas. 999; 9 R. C. L. § 256, p. 447.

■ It is also elementary that one who seeks relief from a judgment or decree of a court of competent jurisdiction must aver and prove that he was himself free from fault or negligence in suffering the judgment or decree to be entered. Evans v. Wilhite et al., 167 Ala. 587, 52 So. 845.

Relief from decrees granting divorce does not form an exception to this general rule. Newcomb's Ex'rs v. Newcomb, 13 Bush (76 Ky.) 544, 26 Am. Rep. 222.

In McDonald et al. v. Pearson, supra, it is said: "An elementary principle is that fraud is not to be presumed when parties do not stand in fiduciary relations, and will not be imputed when the facts and circumstances from which it is supposed to arise are fairly and reasonably consistent with honesty of intention. 1 Story, Eq. Jur. § 190; 1 Brick. Dig. 662, § 323; Thames v. Rembert, 63 Ala. 561; Harrell v. Mitchell, 61 Ala. 270; Pollak v. Searcy, 84 Ala. 259, 4 So. 137."

■ No court will strive to force the conclusion of fraud. If the facts averred and relied upon to show fraud are as reasonably consistent with innocence as with guilt, that construction must be adopted which is consistent with innocence. Cromelin v. McCau-

ley, 67 Ala. 542; Alabama Life Ins. & Trust Co. v. Pettway, 24 Ala. 544. This is but another statement of the general rule that pleadings must be construed most strongly against the pleader.

■ The bill, in so far as it seeks relief from the decree on account of any supposed fraud perpetrated by Clark Williams, appellant's solicitor, is woefully defective and insufficient. In the first place, stripped of averments of the pleader's conclusions, every fact averred with reference to the actions and conduct of Mr. Williams is entirely consistent with fair dealing on the part of this attorney. No overreaching is shown; and no betrayal of trust or confidence is made to appear. The appellee all the while knew that Mr. Williams was the attorney for Mrs. Wright, and in his negotiations with the appellee this was made apparent even to the most credulous mind. In the next place, if the negotiations carried on between Mr. Williams and the appellee, resulting in the agreement for alimony, custody of the child, attorney's fee, and the answer of the defendant waiving issuance of process and service of summons, but expressly denying the charge of cruelty, the basis of the suit for divorce, could, by any strained construction, be said to be improper or illegal, the appellee is in no position to set it up.

In vol. 9 R. C. L. § 168, p. 378, the principle is stated: "Collusion between the parties does not, however, affect the jurisdiction of the court so as to render the judgment or decree void; and so, as a general rule, where, through fraud or collusion, the parties to the divorce suit prevail upon the court to take jurisdiction of the suit and render a decree therein, they are precluded from having it set aside or attacking its validity because of such acts, since they cannot take advantage of their own wrong." Greene v. Greene, 2 Gray (Mass.) 361, 61 Am. Dec. 454; In re Ellis' Estate, 55 Minn. 401, 56 N. W. 1056, 23 L. R. A. 287, 43 Am. St. Rep. 514; Kinnier v. Kinnier, 45 N. Y. 535, 6 Am. Rep. 132; Karren v. Karren, 25 Utah, 87, 69 P. 465, 60 L. R. A. 294, 95 Am. St. Rep. 815.

In the early English case of Prudarn v. Phillips, reported in Hargrove's Law Tracts 456, it was said: "If both parties colluded in the cheat upon the court, it was never known that either of them could vacate the judgment." This statement has frequently been quoted with approval in the courts of this country, and the principle embodied therein has very generally been accepted and applied. Greene v. Greene, supra; Karren v. Karren, supra; Dow v. Blake, 148 Ill. 76, 35 N. E. 761, 39 Am. St. Rep. 156; Robinson v. Robinson, 77 Wash. 663, 138 P. 288, 51 L. R. A. (N. S.) 534, and note. The principle is embodied in the maxim, "He who comes into equity must come with clean hands."

■ Nor can the appellee's protestation of ignorance of the law and legal proceedings serve to relieve him from the consequences of his active participation in the proceedings culminating in the divorce. These protestations may be dismissed from further consideration with the simple observation, "Ignorantia legis neminem excusat."

■ There was nothing in the agreement reached by the parties as to alimony, custody of the child, and counsel fees which in itself stamped the agreement as illegal. It must be noted that the defendant to the proceeding expressly denied that he was guilty of the wrongs made the basis of the complainant's suit for divorce, and he demanded strict proof thereof. Certainly, this was not a fraud upon the jurisdiction of the court. "An agreement between the parties, not involving an imposition upon the court or a suppression of the facts, but intended merely to facilitate the proofs and smooth the asperities of the litigation, is valid, though liable to be looked into by the court." 9 R. C. L. 257, § 15; Snow v. Gould, 74 Me. 540, 43 Am. Rep. 604.

■ Nor is there any reason why the defendant, in an action for divorce, cannot waive service of process upon him, subject to the right of the court, as in other cases, to dismiss the action where collusion between the parties appears. And it has been frequently held that the voluntary appearance of the defendant gives the court full jurisdiction as to his person and the power to decree a divorce. Wood v. Wood, 59 Ark. 441, 27 S. W. 641, 28 L. R. A. 157, 43 Am. St. Rep. 42; Stallings v. Stallings, 127 Ga. 464, 56 S. E. 469, 9 L. R. A. (N. S.) 593; In re Austin's Estate, 173 Mich. 47, 138 N. W. 237, Ann. Cas. 1914D, 749; Lynde v. Lynde, 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332; 9 R. C. L. § 212, page 412.

The bill, in so far as it charges fraud and collusion growing out of the transactions and negotiations had by and between the appellee and appellant's counsel Williams, was subject to the appellant's demurrer.

Likewise, the bill, in so far as it sought relief upon the ground of newly discovered evidence tending to show that the appellant was guilty of adultery, was also subject to demurrer. It was defective, if for no other reasons, in not averring when the discovery of appellant's misconduct was made, whether before or after the time for applying for a rehearing had elapsed; and in not averring facts to show that the appellee's failure to discover this alleged infidelity on the part of the wife was not due to appellee's fault or neglect. Evans v. Wilhite, supra. For aught averred to the contrary, this discovery of his wife's alleged infidelity was discovered in time to have afforded the appellee ample opportunity to make the same a basis for a rehearing or new trial.

However, the court below treated the averments of the bill as sufficient to present a case for equitable relief against the decree of divorce. It comes to us here on appeal from a final decree on the pleadings and proof. The court granted appellee relief, and canceled and annulled the judgment. Treating the bill as sufficient and as fully presenting the appellee's case, we have reached an entirely different conclusion on the facts from that reached by the chancellor.

The proof shows conclusively to our minds that there was no fraud in the procurement of the decree. Nor are we satisfied from the evidence that the appellant was guilty of the acts of adultery charged against her in appellee's bill. But were we so convinced, the evidence of appellee shows that he knew of such misconduct within ten days after the divorce was granted, and within ample time to have applied for a rehearing or new trial. We are, therefore, of the opinion that, since the trial court held the bill sufficient, it should have denied relief to the complainant on the evidence in the cause. Having reached this conclusion, on the facts in the case, a decree will be here entered reversing the decree of the court below, and dismissing the bill. Nor are we persuaded that there should be any modification of the decree as to alimony, or that the custody of the child should be transferred from the mother to the paternal grandmother.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.