10 So.2d 153

## FARRELL v. FARRELL.

### 8 Div. 180.

Supreme Court of Alabama.

Oct. 22, 1942.

390

Newton B. Powell, of Decatur, for appellee.

Peach & Caddell, of Decatur, for appellant.

LIVINGSTON, Justice.

This is a bill in the nature of a bill of review filed by Bernard E. Farrell, suing by his next friend S. A. Ligon, against Sarah Elma Farrell, seeking to set aside a decree and certain orders entered thereunder of the Circuit Court of Morgan County, in equity, granting to Sarah Elma Farrell a divorce and alimony, and the sale of complainant's interest in certain real estate to pay said alimony, which interest was purchased by Sarah Elma Farrell, the respondent.

The prayer for relief is rested upon two theories: first, that complainant, the respondent in the suit for divorce, was a non compos mentis and was not represented in that proceeding by a general guardian or a guardian ad litem, as required by law;

second, that the averment made in the bill for divorce that this complainant and the said Sarah Elma Farrell were married in Fayetteville, Tennessee, were wholly false: that the said Sarah Elma Farrell knew said averments were false when said bill was filed, and that she was then the wife of one Gilbert Edwards from whom she was not divorced, and that she had never been the wife of this complainant. That the averment that complainant and the said Sarah Elma Farrell were married was necessary to invoke the jurisdiction and power of the court to grant her a divorce in that proceeding, and award her alimony out of this complainant's estate, and that such allegations were made by her pursuant to a fraudulent design to impose upon the court, and constituted fraud in the concoction or procurement of a divorce decree and a decree for alimony out of this complainant's estate.

■ If the complainant was a non compos mentis when he was served with process in the suit for divorce, and when the cause was tried and the decree and orders therein were made and enrolled, the decree and orders are due to be set aside since it is confessed that he was not represented by guardian ad litem or general guardian. Cunningham v. Wood, 224 Ala. 288, 140 So. 351; Dawson v. Haygood, 235 Ala. 648, 180 So. 705.

■ The evidence of physicians as well as that of lay witnesses touching complainant's insanity is in sharp and direct conflict; and when, as here, the evidence is taken by depositions and not ore tenus before the trial court, it is the duty of this Court to examine and sit in judgment on it.

■ We have carefully examined all the evidence, and are at the conclusion complainant was not at the time stated a non compos mentis. The decree and orders, therefore, cannot be set aside on the theory that complainant was a non compos mentis, and not properly represented on the trial of the divorce proceedings against him.

On the question of the fraud alleged in support of the second theory, the tendencies of the evidence are also conflicting. It is the judgment of this Court that the evidence establishes the following facts: That respondent, Sarah Elma Farrell, was married to Gilbert Edwards in 1908, and lived with him as his wife until October 1929; that in November, 1929, respondent filed her bill of complaint in the Circuit Court of Morgan County, in equity, seeking a divorce from Gilbert Edwards; that Gilbert Edwards did not appear, plead or answer said bill, and that in January, 1930, decree pro confesso was entered against him: that a commissioner was appointed to take the depositions of witnesses in the cause, and two witnesses were examined and their testimony properly certified and filed; that a request to submit the cause for final decree and note of testimony was given to the register, and appears in the court's file of the cause, but was never marked "filed" by the register. That no decree was ever made or entered in the cause, and that the respondent in the cause now pending was never divorced from Gilbert Edwards, but was still his wife when she went through a marriage ceremony with complainant in this cause. That respondent actually and honestly believed she was divorced from Gilbert Edwards when she went through the marriage ceremony with complainant, although she knew that the costs of court in her suit against Edwards had not been paid, and that she advised complainant that said costs had not been paid.

This complainant did not appear, plead or answer in the divorce proceedings against him, but suffered a decree pro confesso and final judgment for the lack thereof.

The query is, do the foregoing facts entitle complainant to the relief prayed, as for fraud in the concoction or procurement of the decree rendered against him?

■ The rule here applicable was stated by Chief Justice Brickell in the case of McDonald v. Pearson, 114 Ala. 630, 643, 21 So. 534, 537, where it is said:

"There is no doubt of the general jurisdiction of a court of equity to grant relief against fraud, to vacate all deeds, contracts, or other instruments obtained by fraudulent practices, or to undo any and all transactions, hurtful to the party complaining, which are infected by fraud. The jurisdiction extends to the vacation of the judgments or decrees of courts which have been procured by fraud. But the final judgment or decree of a court of competent jurisdiction is impeachable only for actual fraud in its procurement. In Patch v. Ward [L.R.] 3 Ch.App. 205, it was said by Lord Cairns: 'Now it is necessary to bear in mind what is meant, and what must be meant, by fraud, when it is said that you

may impeach a decree signed and enrolled on the ground of fraud. The principle on which a decree may be thus impeached is expressed in the case which is generally referred to on this subject, the Duchess of Kingston's Case, where the judges, being consulted by the house of lords, replied to one of the questions, "Fraud is an extrinsic collateral act, which vitiates the most solemn proceedings of courts of justice. Lord Coke says it avoids all judicial acts, ecclesiastical or temporal." The fraud there spoken of must clearly, as it seems to me, be actual fraud, such that there is on the part of the person chargeable with it the "malus animus," the "mala mens" putting itself in motion, and acting, in order to take an undue advantage of some other person for the purpose of actually and knowingly defrauding him.' And, further, it was said: 'I apprehend the fraud, therefore, must be fraud which you can explain and define upon the face of a decree, and that mere irregularity, or the insisting upon rights which, upon a due investigation of those rights, might be found to be overstated or overestimated, is not the kind of fraud which will authorize the court to set aside a solemn decision which has assumed the form of a decree signed and enrolled.' In Ward v. Town of Southfield, 102 N.Y. 287, 6 N.E. 660, it was said by Earl, J.: 'It is not sufficient merely to raise a suspicion or to show what is sometimes called "constructive fraud," but there must be a false and fraudulent representation, or a fraudulent affirmative act, or a fraudulent concealment of a fact, for the purpose of obtaining an undue and an unjust advantage of the other party, and procuring an unjust and unconscionable judgment. It is not practicable nor possible to formulate a rule on this subject which will be sufficient to solve all cases; but, where fraudulent concealment of a fact is relied upon for the purpose of impeaching and setting aside a judgment regularly obtained, it must be an intentional concealment of a material and controlling fact, for the purpose of misleading and taking an undue advantage of the opposite party.' The books abound with cases enunciating and illustrating this doctrine. United States v. Throckmorton, 98 U.S. 61 [25 L.Ed. 93]; Randall v. Payne, 1 Tenn.Ch. [137], 143; Gifford v. Thorn, 9 N.J.Eq. 702; Dringer v. [Receiver], 42 N.J.Eq. 573, 8 A. 811; Watts v. Frazer, 80 Ala. [186], 188; Adler v. [Van Kirk Land &] Construction Co. [114 Ala. 551], 21 So. 490 [62 Am.St.Rep. 133]. * * *

"An elementary principle is that fraud is not to be presumed when parties do not stand in fiduciary relations, and will not be imputed when the facts and circumstances from which it is supposed to arise are fairly and reasonably consistent with honesty of intention. 1 Story Eq.Jur. § 190; 1 Brick.Dig. 662, § 323; Thames v. Rembert's Adm'r, 63 Ala. 561; Harrell v. Mitchell, 61 Ala. 270; Pollak v. Searcy, 84 Ala. 259, 4 So. 137." See, also, Wright v. Wright, 230 Ala. 35, 159 So. 220.

■ Husband and wife do not stand in fiduciary relationship in divorce proceedings, one against the other.

■ It is also elementary that one who seeks relief from a judgment or decree of a court of competent jurisdiction must aver and prove that he was himself free from fault or negligence in suffering the judgment or decree to be entered. Evans v. Wilhite et al., 167 Ala. 587, 52 So. 845; Wright v. Wright, supra.

There is a total lack of evidence to meet this burden other than the evidence tending to show that he was a non compos mentis. But, as above stated, we are forced to the conclusion that the allegation of insanity was not sustained.

Complainant insists that the Circuit Court of Morgan County, in equity, was without jurisdiction to render the decree granting a divorce to respondent, because complainant and respondent were never husband and wife in fact, and that the decree was therefore void and should be set aside or annulled.

■ A judgment or decree is not binding on anyone unless the court rendering the same had jurisdiction of the parties and the subject matter of the cause. The court did have jurisdiction of the parties. The jurisdiction of the subject matter is the power to adjudge concerning the general question involved, and if a bill states a case belonging to a general class over which the authority of the court extends, the jurisdiction of the court attaches and no error committed by the court can render the judgment void. Miller v. Rowan, 251 Ill. 344, 96 N.E. 285; Sim v. Sim, 247 Ill.App. 321.

■ It is the judgment of this Court that the decree attacked was not void

for want of jurisdiction, and that no actual or positive fraud in its concoction or procurement was proved. The judgment appealed from is due to be and is affirmed.

Affirmed.

All the Justices concur, except BROWN, J., not sitting.