16 So.2d 192

### DUDLEY v. WHATLEY.
#### 5 Div. 385.

Supreme Court of Alabama.
Nov. 26, 1943.

Rehearing Denied Jan. 13, 1944.

See, also, 30 Ala.App. 579, 10 So.2d 43.

J. B. Hicks, of Phenix City, for appellant.

Jacob A. Walker, of Opelika, for appellee.

BROWN, Justice.

On the former appeal from the decree of the circuit court granting the defendant's motion to dissolve the temporary injunction and sustaining the demurrer addressed to the bill as a whole, and allowing the complainant thirty days within which to amend, the decree in so far as it granted the motion to dissolve was reversed, and was affirmed in so far as it sustained the demurrer. Dudley v. Whatley, 244 Ala. 508, 14 So.2d 141.

Among other defects in the allegations of the bill was that it charged fraud as a mere conclusion of the pleader,—did not state facts constituting the alleged fraud or facts from which fraud could be inferred followed by an appropriate conclusion. This defect was pointed out by the 27th specific ground of demurrer.

Although the complainant had ample time to amend the bill as theretofore last amended, he took no steps to so amend, until defendant moved the court to dismiss for want of amendment, and then did not cover the defect in his proposed amendment offered as an answer to the defendant's motion to dismiss.

The appellant's contention seems to be that the effect of the decree was to sustain the grounds of demurrer mentioned in the opinion of this court on former appeal, and its effect was to strike out the objectionable averments leaving the bill complete without them. If the demurrer had been directed to a single paragraph or different paragraphs and the allegations of such paragraph were not essential to the equity of the bill, this position would have

203

been sound. Pollak v. Stouts Mt. Coal & Coke Co., 184 Ala. 331, 63 So. 581; Dinsmore et al., v. J. H. Calvin Co., 216 Ala. 503, 113 So. 522.

 But where as here the bill presents the case in a single aspect and the demurrer is addressed to the bill as a whole, the effect of sustaining the demurrer on any of its grounds is to disarm the complainant from further proceeding unless he amends and cures the defect. If he fails or refuses to so amend the only appropriate decree is one dismissing the bill. Altoona Warehouse Co. et al., v. Bynum, 242 Ala. 540, 7 So.2d 497; McCrory v. Guyton, 154 Ala. 355, 45 So. 658; Underwood v. Underwood, 162 Ala. 553, 50 So. 305, 136 Am. St.Rep. 61; Pope v. Ledbetter, 216 Ala. 302, 113 So. 20; Kelly v. Kelly, 216 Ala. 464, 113 So. 513; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417.

The decree dismissing the bill is free from error.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.