19 So.2d 390

**STONE v. STONE et al.**

7 Div. 774.

Supreme Court of Alabama.

Oct. 11, 1944.

Irby A. Keener, of Centre, for appellant.

110

Reed & Reed, of Centre, for appellees.

BROWN, Justice.

The appeal is from the final decree of the circuit court dismissing the complainant's bill. The bill sought foreclosure of the deed of trust alleged to have been executed by J. A. Stone and his wife, A. L. Stone, on the 10th day of January, 1934, to Kate Lee Stone, as trustee, for the purpose of securing an indebtedness alleged to be due on the first of January, 1935, by the grantor J. A. Stone to Birdie Stone, and to cancel a deed executed by said J. A. Stone to the other respondents, his then living children, conveying to them certain real estate, including the real estate conveyed by the deed of trust.

The last phase of the bill is based on the allegations in paragraph four thereof, towit: "The Respondents are all guilty of fraud and corrupt action in the effort to defeat the Lien of this Complainant. No price was actually paid by the Grantees in said Deed (respondents here) nor was there receipt of any price by the Grantor in said Deed (respondents here). The whole transaction was fraudulent and an attempt to defeat the lien of this Complainant."

The defendants, named as grantees, demurred to said paragraph 4 of the original bill and demurrer was sustained with leave to amend. Thereupon said paragraph was amended, the demurrer reinterposed thereto was sustained, and the complainant declined to further amend. This action of the court and complainant eliminated the question of fraud in the execution of the deed to said respondents. Dudley v. Whatley, 245 Ala. 202, 16 So.2d 192. The defendants to whom said deed was made answered, denying the execution of said deed of trust and the note which it was given to secure, and also alleged payment, and that said deed of trust and said note were without consideration, and that the same had been materially altered. They also filed a sworn plea of non est factum.

Much testimony was taken touching the question of non est factum, the alleged alteration of said instruments, want of consideration for the execution of the same, and payment, presenting questions of fact, on which the evidence was in sharp conflict.

The circuit court in disposing of the case in the final decree made the following observation:

"The bill of complaint seeks to foreclose a deed of trust allegedly executed by James A. Stone to the complainant, securing an indebtedness due from the said James A. Stone to the complainant. The respondents, Joe C. Stone, Addie Mae Stone and Willie Reba Stone by way of answer deny the execution of the said deed of trust and the note by James A. Stone; they further say that all indebtedness due the complainant from said James A. Stone had been paid and said answer denies that the said respondents had knowledge of the execution of said deed of trust until after the execution to them of a deed by said James A. Stone conveying the property described in the deed of trust.

"After a careful review of the evidence in this cause this Court has reached the conclusion that the deed of trust offered in evidence was materially altered after its original execution by James A. Stone and wife, and before it was presented to the attorney for the complainant for action by him by way of foreclosure; and the said alteration was never brought to the knowledge of James A. Stone nor by him ratified. This question is a question of fact which must necessarily be decided by the Court and this conclusion has been reached after a consideration of all the testimony."

 After a painstaking examination of the testimony embodied in the record here, we concur in the conclusion of fact above stated, by the circuit court. The alteration related to the description of the real estate conveyed, and the completion of the deed of trust by filling in blanks in the printed form which included the name of the newspaper in which publication might be made in case of foreclosure, and recited that said newspaper was published in Cherokee County. The property as described in the deed of trust, according to the testimony of the defendant, as originally written and before its alteration, was in these words: "One storehouse and lot in Cedar Bluff, Ala. lot 69. Also East ½ of NE ¼ of Section 2, Township 10, Range 10, Containing eighty acres more or less." The part alleged to have been added to this description was the following: "Where George May now resides and all being situate in Cherokee County, Alabama." The instrument itself bears evidence on its face of alteration, requiring explanation, the burden of proof being on the complainant. Code 1940, Tit. 7, § 430; Whitewater Lbr. Co. v. Langford, 216 Ala. 510, 113 So. 525. The changes were material, making certain the description of the eighty acre tract, relieving from an ambiguity patent (Chambers v. Ringstaff, 69 Ala. 140), and inserted material recitals in the blank power of sale, without showing authority so to do.

The complainant offered some evidence, including her own testimony, which was objected to on the ground that she was incompetent to testify as to the execution of said paper and its contents at the time of its execution, being a transaction with the said J. A. Stone, since deceased; and offered some testimony independent of her own sufficient to constitute a conflict in the evidence. But she admitted in her testimony that she had with pen and ink retraced some parts of the writing.

The weight of the evidence clearly sustains the conclusion stated in the decree and justifies the dismissal of the bill. Watkins Co. v. Williams, 233 Ala. 135, 170 So. 194.

Affirmed.

THOMAS, FOSTER, LIVINGSTON, STAKELY, and SIMPSON, JJ., concur.