246 .

58 So.2d 779

**O'BANNON v. O'BANNON.**

7 Div. 125.

Supreme Court of Alabama.

May 1, 1952.

E. L. Roberts and L. Chas. Wright, Gadsden, for appellee.

Hawkins & Copeland, Gadsden, for appellant.

FOSTER, Justice.

This is an appeal from a final decree in equity, in which the court granted appellee a divorce from appellant, and awarded her an undivided half interest in a certain described lot of land, investing in her the title to such half interest; and also invested in her title to the furniture and household equipment belonging to the parties. There was no decree for alimony pay-

able in money. It is not clear whether the decree intended thereby to provide for alimony or, in lieu of it, to enforce a trust as claimed in the bill.

The first contention made is that demurrer to the bill should have been sustained. The demurrer as first filed was overruled. Then additional grounds were added (contrary to Rule 14 of Equity Practice, Code 1940, Tit. 7 Appendix), and there was a decree overruling that demurrer, reciting "save and except those grounds of demurrer pertaining to alimony and attorney's fees, which grounds are hereby sustained separately and severally, as there can be no moneyed judgment without personal service."

There was an answer filed after the demurrer was acted on, reciting that it is without waiving grounds of demurrer filed to the bill or the amended grounds. The evidence was taken before the register with a note of submission.

The bill alleges that complainant was then a resident citizen of Etowah County, Alabama, and that defendant was at that time in the United States Public Health Service Hospital at Fort Worth, Texas. It did not give his domicile, or whether he was a citizen of Alabama. The evidence shows that his domicile is in Alabama.

■ The demurrer first filed was on the general ground for a want of equity, and further that the court had no jurisdiction to grant the relief because service was by registered mail, and not personal service, and that there was insufficient detail of averment to justify other relief. The additional grounds of demurrer went to the power of the court to award alimony in money because defendant was not personally served. They are the same with reference to attorney's fees and court costs. The demurrer was addressed to the bill as a whole. The bill obviously was not subject to demurrer insofar as it sought a divorce and, therefore, the demurrer was overruled without error. But we will respond to appellant's contention.

■ Before doing so, we wish to observe that the part of the decree overruling the demurrer which saved and excepted those grounds, which are based on the want of personal service affecting the claim for a moneyed demand, is inconsistent with the balance of the decree which overruled the demurrer as to other grounds. A demurrer is one item of pleading and as such must be either sustained or overruled in its entirety, except as it may be addressed to different aspects. It should be sustained if it is supported by one or more grounds well taken. If it is overruled, none of the grounds are considered good. Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

■ However, we will respond to appellant's insistence that there was error to reverse for overruling his demurrer to the bill on the ground that it sought a personal judgment without personal service, as if it were addressed to that aspect. Obviously, the contention cannot be supported. It points out no defect in the bill. The bill prays for proper process. The claim for a personal decree is not defective because the service thereafter effected was constructive or substituted. Hammons v. Hammons, supra; 50 Corpus Juris, 590, note 29; 72 C.J.S., Process, § 110, page 1158, note 12. A demurrer to the bill cannot raise any jurisdictional question not shown on its face. It is an appearance and is a waiver of personal service, unless there has been a motion to quash the service or a plea in abatement not sustained by the court. Thompson v. Wilson, 224 Ala. 299, 140 So. 439; Kyser v. American Surety Co., 213 Ala. 614, 105 So. 689; Forrester v. Granberry, 211 Ala. 402, 100 So. 551; Ex parte Henderson, 84 Ala. 36, 4 So. 284. A defendant in an action for divorce can waive service. Wright v. Wright, 230 Ala. 35, 159 So. 220.

■ As an incident to the situation, it may be observed that the procedure provided by Equity Rule 5, subd. 2(b), Code 1940, Tit. 7 Appendix, was followed. It may be conceded that this rule does not provide for such substituted service on an absent *citizen of Alabama* as complies with the recent rule amending the principle of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, as declared in Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278. But

that does not militate against the principle that personal service is acknowledged by a demurrer to the bill without having presented the question by a motion or special plea in abatement. Ex parte Union Planters National Bank & Trust Co., 249 Ala. 461, 31 So.2d 596. Rule 5, subd. 1(d) of Equity Practice does not seem to provide for substituted nor constructive service on an absent resident unless special circumstances there detailed are shown. But under the rule declared in the case of Milliken v. Meyer, supra, a personal judgment may be rendered on substituted service pursuant to an apt statute and affording due process. There is nothing in this situation which is available on demurrer. Moreover, there was no personal judgment against appellant except for costs. So that, under no aspect of the case was there any error in overruling the demurrer to the bill.

It is insisted that the final decree should be reversed because the case was not at issue at the time of the rendition of the decree. The theory upon which that contention is made is that the decree on the amended demurrer adjudged that the demurrers of defendant were overruled, except those pertaining to alimony and attorney's fees which are sustained and, therefore, it is contended that the effect of that decree is to leave the bill in suspense until it is amended. We do not so consider it, assuming that the decree is effective in two parts. If it serves to sustain the demurrer to that aspect which seeks a personal judgment, the effect would be to strike from the bill such a claim and the complainant could proceed without an amendment. McIntosh v. Moody, 228 Ala. 165, 153 So. 182; Dudley v. Whatley, 245 Ala. 202, 16 So.2d 192; Stone v. Stone, 246 Ala. 109, 19 So.2d 390. However, the contention now made, as noted above, is waived by the fact that the defendant filed an answer to the bill, although that answer alleged that it was without waiving grounds of demurrer. Such reservation served no purpose whatsoever in respect to the question now presented.

It is next insisted by appellant that the decree should be reversed, in that it awards to appellee a half interest in the property described. As we said, it is uncertain whether it is intended by the decree to enforce a resulting trust to that extent, or whether it is merely a judgment for alimony. The averments of the bill and the evidence are insufficient to show the establishment of a resulting trust. The bill does not allege that any of appellee's funds were used in the purchase of the property in question, but only that she and appellant erected a home on the lot described using money that belonged to both of them. In order to sustain a claim for a resulting trust it is necessary to show that her money was used in the purchase of the property and it is not sufficient that her money was used in the erection of a house upon the property. Beck v. Karr, 209 Ala. 199, 95 So. 881; Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749 (7, 9 and 11).

On account of the divorce which destroys her homestead and dower rights in her husband's property, and in lieu thereof and for her support, the court may award alimony either in money or property. It could very properly take into consideration the contentions made by her with respect to her contributions both in money and services in building the house. It may be that the court considered under all the circumstances that she was entitled to a half interest in such property by way of alimony, and in that view of the situation it cannot be said there was error in the decree. Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244; Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198.

There appears no reversible error in the ruling of the court shown by appellant's contentions.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.