WRIGHT, Presiding Judge.
This is an appeal brought pro se from judgment denying an ARCP Rule 60(b) motion.
We affirm.
Plaintiff originally brought suit claiming workmen’s compensation. He was represented throughout that action by competent counsel. The court heard the evidence. It entered judgment finding plaintiff had suffered neither accident nor injury while engaged in the scope of his employment with defendant. No post-trial motion was filed. Nearly four months after judgment, plaintiff filed a Rule 60(b) motion alleging that there were witnesses and evidence which could have sustained his complaint. The motion was filed by counsel who limited their representation of plaintiff to the preparation and filing of the motion. Plaintiff proceeded pro se. He subpoenaed witnesses and documents for the hearing of the motion. He obtained a continuance for further preparation. The witnesses were served but only one appeared. The court permitted showings for those who failed to appear and permitted introduction of several documents as evidence.
After consideration, the court denied relief, stating that the evidence and showings presented at the hearing would not have been sufficient for recovery even had they been presented at the trial.
The purpose of a Rule 60(b) motion is not to retry the original case, but is to present good cause why plaintiff should be relieved from the judgment. 11 Wright & Miller, Federal Prac. & Proc. § 2851. None of the grounds set out in Rule 60(b) were established by plaintiff at the hearing on the motion. The granting or denial of a 60(b) motion is within the judicial discretion of the trial court. We find no abuse of that discretion. We rather find that the trial court went to great length to permit plaintiff to appear and prosecute the motion pro se.
Further discussion of the case cannot possibly serve any precedential purpose.
We affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.