PER CURIAM.
This is alternatively a petition for writ of mandamus, a petition for writ of certiorari, or an appeal by Lizzie Larkin and Berniece M. Delaine, executrixes under a 1964 will of Martha McAboy, from a probate court judgment which vacated and revoked a pri- or order admitting the 1964 will to probate and expunged the same from the records. The court based its order on a finding that the judgment admitting the 1964 will to probate had been procured by fraud on the court and was, therefore, void. We reverse and remand with instructions to reinstate the original decree.
The following are the salient facts: On August 15, 1961, Martha McAboy executed a will in which she left her estate, property which she inherited from her husband, the father of her four stepchildren, to those four stepchildren. On May 26, 1964, Mrs. McAboy executed a new will in which she left the estate to only two of her stepchildren, Berniece DeLaine and Lizzie Larkin. Both of these wills were drafted by Ira Pruitt, Jr. A few days later, on June 2, 1964, Mrs. McAboy returned to Pruitt’s office and revoked the May 26, 1964, will and republished her 1961 will by signing a statement written across the 1964 will saying:
This will is void and withdrawn, June 2, 1964, and my old will is republished.
Martha Nixon McAboy
Witnesses:
Ira Pruitt, Jr.
Ira D. Pruitt
Martha McAboy died in 1972.
A copy of the 1964 will had been delivered by the testatrix to Larkin shortly after its execution. Sometime in 1974, Attorney Robert Upchurch, doing a title search for Sumter Plywood Corporation, discovered that no will of Martha McAboy had been admitted to probate. In 1974, Larkin and DeLaine asked him to probate the last will of Martha McAboy. At that time, Mr. Up-church went to the law offices of Pruitt and Pruitt and sought to obtain the last will of Martha McAboy. Mr. Pruitt testified that it was the practice in the office to retain the original of all wills and to keep such wills in the vault. He looked in the vault and discovered the 1961 will and delivered Jt to Mr. Upchurch. He did not at that time discover the original of the 1964 will with the republication of the 1961 will written across the face thereof. In fact, this document was not discovered until 1980, after the current proceedings were commenced.
Thus, Mr. Upchurch was faced with a situation in which he had a 1961 original will and a copy of a 1964 will which purported to revoke the 1961 will. The original of the 1964 will could not be found, although Mr. Pruitt advised him that a copy of the will would not have been delivered unless the original had been duly executed.
Mr. Upchurch testified that it was finally determined, after some hesitation and delay, to probate the 1964 will as the last will and to prove it as a lost will, the original executed copy never having been located. Both he and Mr. Pruitt testified that Mr. Pruitt told him that he had no independent recollection of attesting the 1964 will.
*678 Thus, the 1964 copy was offered for probate, and its execution was proved by a number of witnesses who were present in Pruitt’s office when the will was drafted and executed and were present in court on the date of the hearing set for the probate thereof. That testimony was recorded and reduced to writing, and is in the record before us. It is sufficient under the law to meet the requirements for establishing a lost will. Allen v. Scruggs, 190 Ala. 654, 67 So. 301 (1914).
Although a proof of will form had been prepared for Ira Pruitt, it was never executed and, in fact, was withdrawn at the conclusion of the hearing. However, because the decree admitting the will to probate had been prepared in advance by Mr. Upchurch at his office, it recited that Ira Pruitt had testified as an attesting witness when, in fact, he had not. This recitation was inadvertently left in the final decree signed by the probate judge, who was not learned in the law, but who testified that she was not misled or deceived in any way by Mr. Upchurch. It was her recollection some four years later that Mr. Upchurch had indicated that Mr. Pruitt would come by and execute the proof of will form some-'' time later. This was never done. Neither Mr. Upchurch nor Mr. Pruitt nor the beneficiaries under the 1964 will knew that the 1961 will had been republished and the 1964 will revoked until sometime in 1980, following the commencement of these proceedings. In 1980, some three and one-half years after the order admitting the 1964 will to probate, and more than five years after the death of the testatrix, this proceeding to set aside and vacate the order admitting the 1964 will to probate was commenced by T. Raffin, a nephew of the testatrix. He sought to have the same set aside, alleging that the judgment admitting the same to probate was void because it was procured by a fraud perpetrated on the court.
The proponents of the 1964 will challenged the jurisdiction of the probate court on the ground that it lacked authority to entertain the present challenge to the probate proceedings, and secondly, if the probate court has jurisdiction in these proceedings, the action was untimely. They also contested the proceedings on the merits, alleging the absence of any fraud in the procurement of the decree.
Without deciding, as the appellant contends, that the probate court lacked jurisdiction to entertain an attack on a judgment more than three years beyond the entry thereof, Ex parte Dozier, 262 Ala. 197, 77 So.2d 903 (1953), we reverse and remand the cause because, after a complete and thorough examination of the record, we are unable to find any testimony which supports a finding that any fraud was perpetrated on the court. Assuming, again without deciding, that the probate court had jurisdiction, it would not exceed that of a court of general jurisdiction, which has the power to set aside judgments only upon a showing of actual fraud, which has been defined as follows:
“The jurisdiction extends to the vacation of the judgments or decrees of courts which have been procured by fraud. But the final judgment or decree of a court of competent jurisdiction is impeachable only for actual fraud in its procurement. ... McDonald v. Pearson, 114 Ala. 630, 643, 21 So. 534, 537 (1897). ‘[T]he fraud ... must be fraud which you can explain and define upon the face of a decree, and ... mere irregularity, or the insisting upon rights which, upon a due investigation of those rights, might be found to be overstated or overestimated, is not the kind of fraud which will authorize the court to set aside a solemn decision which has assumed the form of a decree signed and enrolled.... It is not sufficient merely to raise a suspicion or to show what is sometimes called “constructive fraud,” but there must be a false and fraudulent representation, or a fraudulent affirmative act, or a fraudulent concealment of a fact, for the purpose of obtaining an undue and an unjust advantage of the other party, and procuring an unjust and unconscionable judgment .. .. ’
“An elementary principle is that fraud is not to be presumed when parties do not *679 stand in fiduciary relations, and will not be imputed when the facts and circumstances from which it is supposed to arise are fairly and reasonably consistent with honesty of intention. 1 Story Eq.Jur. § 190.”
Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153, 155-156 (1942). (Some citations omitted.)
There is no evidence of actual fraud on the court in the instant case. It is uncontroverted that not until 1980 was it discovered that the 1964 will had been revoked and the 1961 will republished. No party present at the 1976 hearing to probate that will was aware that it did not constitute the last will and testament of Martha McAboy. If T. Ruffin knew it, he made no effort to bring it to the court’s attention until the five-year statute would have prevented its admission to probate. Alabama Code of 1975, § 43-1-37.
The judgment appealed from is reversed, and the cause is remanded with instructions to the probate court to vacate its order and to reinstate the 1976 order establishing the 1964 will as the last will and testament of Martha McAboy.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C. J., and MADDOX, JONES, SHORES and BEATTY, JJ.,’concur.