The plaintiff sued the defendant on an open account. After anore tenus hearing the trial court entered a judgment for the defendant.
The plaintiff, through able counsel, appeals and we affirm.
The dispositive issue before us is whether the trial court erred in refusing to grant the plaintiff's post-trial motion for a new trial under rule 59, A.R.Civ.P. That motion was bottomed on the premise that the "judgment is contrary to the great preponderance of the evidence." Additionally, the plaintiff contends the trial court erred in overruling its alternative post-trial motion which plaintiff asserts was based on rule 60 (b), A.R.Civ.P. This motion alleges that the judgment was procured by fraud and/or that the judgment was the product of "mistake, inadvertence, surprise or excusable neglect" and, therefore, should be set aside.
We do not deem it necessary nor prudent to set out in detail the facts. Suffice it to say, the complaint alleged that Herbert Coan owed Moorman Manufacturing Company $5,307.90 on an open account. The $5,307.90 supposedly represented, in principal, the purchases of cattle feed and other related goods on account while Coan was an employee of Moorman Manufacturing Company. Coan answered by pleading a general denial.
In the trial of the case, the plaintiff's entire case consisted of the introduction of a verified itemized statement of the account. The defendant, Coan, then took the stand in his own behalf and testified under oath that he did not owe the debt in question. At the conclusion of the evidence, the trial court took the case under advisement and on September 30, 1982, rendered judgment for Coan based on a finding that the plaintiff failed to carry its burden of proof.
The granting or denial of a motion for new trial rests largely within the discretion of the trial court, and such exercise of discretion carries with it a presumption of correctness which will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows the trial court was in error. Holcombe v. Blackwell,382 So.2d 566 (Ala.Civ.App. 1980). Here, the evidence, to wit, the defendant Coan's testimony, clearly supports the judgment of the trial court. *Page 108 
Furthermore, the purpose of a rule 60 (b) motion is not to retry the original case, but is to present good cause why a party should be relieved from the judgment. McGhee v. ConveyorMachinery Corp., 361 So.2d 372 (Ala.Civ.App. 1978). The determination of whether to grant or deny relief pursuant to rule 60 (b) is largely a matter within the judicial discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Pitts v. Henley, 384 So.2d 1105
(Ala.Civ.App. 1980); Hereford v. Hereford, 425 So.2d 480
(Ala.Civ.App. 1983).
We would be remiss in not commenting that the "evidence" presented by the plaintiff in support of his rule 60 (b) motion might well have been of significant import in the original proceeding. Such evidence might well have also sustained a grant of relief by the trial court had it determined, in its discretion, that such relief was necessary. However, as noted above, the granting or denial of relief from judgment pursuant to rule 60 (b) is largely discretionary with the trial court. As indicated earlier, the trial court's actions might be based, at least in part, on a decision that the purpose of rule 60 (b) is not to retry cases but to present good cause why a judgment should not stand.
In any event, this court cannot under the present facts find the learned trial judge's action to be such an abuse of discretion as to require reversal.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.