ROBERT M. PARKER, Retired Circuit Judge.
This is an appeal from denial of a rule 60(b), Alabama Rules of Civil Procedure, motion for relief from judgment.
A final judgment of divorce was entered on October 5, 1983. A motion under rule 60(b), A.R.Civ.P., was filed on November 1, 1983 and heard on November 22, 1983. This motion was denied on December 2, 1983, and appellant moved for reconsideration, which was heard on January 17, 1984 and denied on February 23, 1984.
Appellant and appellee were married three times and divorced twice prior to this action. On this occasion the appellee’s attorney prepared the complaint, acknowledgment of representation, answer and waiver, and agreement concerning property rights, child custody, child support, alimony, and visitation rights. The answer and waiver, acknowledgment of representation, and agreement were signed by appellant before a witness. Appellee and witness testified that appellant was told, before he signed, that these were divorce papers. Appellant testified he thought they were concerning his child’s entrance into college. Appellant contends he is illiterate and did not understand what he was signing. The trial court found against appellant on this point.
Appellant argues that the judgment of divorce is void as the court did not have jurisdiction to enter the judgment because the appellant was not served a summons and complaint, and that unless the appellant signed the instruments with knowledge that he was waiving his right to be heard it was not an effective waiver.
It is elementary that a judgment is void if the court rendering it lacks jurisdiction over the subject matter or the parties. James v. James, 369 So.2d 811 (Ala. Civ.App.1979). Rule 4(h), A.R.Civ.P., states:
“A defendant or his attorney may accept or waive service of process, provided that said acceptance or waiver is in writing and signed by the defendant and a credible witness.”
This was done in this instance, and it has been held:
“Nor is there any reason why the defendant, in an action for divorce, cannot waive service of process upon him, subject to the right of the court, as in other cases, to dismiss the action where collusion between the parties appears.”
Wright v. Wright, 230 Ala. 35, 159 So. 220 (1935); O’Bannon v. O’Bannon, 257 Ala. 246, 58 So.2d 779 (1952). It is obvious that the court had jurisdiction over the parties and the subject matter.
The purpose of a rule 60(b) motion is not to retry the original case, but is to present good cause why defendant should be relieved from the judgment. 11 *933 C. Wright & A. Miller, Federal Practice & Procedure § 2851 (1978); McGhee v. Conveyor Machinery Corporation, 361 So.2d 372 (Ala.Civ.App.1978). “When passing on an attack upon a judgment the court is given wide discretion; it must balance the desire to remedy injustice against the need for finality of judgment.” Frazier v. Malone, 387 So.2d 145 (Ala.1980). None of the grounds set out in rule 60(b) were established by the defendant on hearing and rehearing of the motion. The grant or denial of a 60(b) motion is within the judicial discretion of the trial court. We find no abuse of that discretion, and this case is affirmed.
Appellee’s motion for attorney’s fee on appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.