BRADLEY, Presiding Judge.
This is a termination of parental rights case.
In November 1983 the State of Alabama Department of Pensions and Security [DPS] received a complaint alleging that two-year-old Shameka Bates was both neglected and abused by her mother, Lisa Bates. Until August of 1984 DPS attempted to provide services to the child’s mother to avoid the necessity of taking judicial action on the child’s behalf.
However, on August 5, 1984 a shelter care hearing was held regarding the child, which resulted in DPS receiving authorization to place Shameka in foster care. Shameka has been in foster care since that date. DPS was subsequently awarded temporary legal custody of Shameka on December 14, 1984.
Then, on May 13, 1986, DPS petitioned for permanent legal custody of Shameka, alleging the child’s dependency. On August 11, 1986 the Madison County Juvenile Court terminated the parental rights of Lisa Bates, Willie Davis, and Homer McCrary and granted permanent legal custody to DPS with the corresponding authority to place the child in an adoptive home.
The court terminated the rights of Homer McCrary because it was questionable whether he and Lisa Bates were divorced at Shameka’s birth. Because both Lisa Bates and Willie Davis maintained that Mr. Davis was the child’s father, his parental rights were also terminated. Mr. Davis had not at the time of the hearing legitimated Shameka.
A motion for new trial was subsequently made by the appellant, Lisa Bates, alleging, inter alia, that: (1) Willie Davis, the putative father of Shameka, had instituted legitimation proceedings in Georgia; (2) both the mother, Lisa Bates, and the putative father, Willie Davis, desired that Mr. Davis’s mother be awarded permanent legal custody of Shameka; (3) a Georgia social worker had evaluated the Davis home and recommended placement there, provided Mr. Davis legitimated the child; (4) Mrs. Davis was not, and could not be, recognized as a relative resource at the original trial and should now be considered a relative resource at a new trial following the conclusion of legitimation proceedings.
The motion for new trial was denied.
The mother appeals, contending the trial court’s action in denying the motion for new trial was error.
Our review of a denied motion for new trial is restricted to an examination of whether the trial court abused its discretion by refusing to grant the motion. Moorman Manufacturing Co. v. Coan, 435 So.2d 106 (Ala.Civ.App.1983). The denial, however, is presumed to be correct, and we will not alter the trial court’s determination on appeal absent a showing from the record that the court was plainly and *858 palpably wrong and that a legal right was abused. Moorman, supra.
After examining the appellant’s motion, it appears that she is actually moving for relief from judgment on the ground of newly discovered evidence, with the newly discovered evidence being the institution of legitimation proceedings by the putative father, Willie Davis. Consequently, appellant argues that Mr. Davis’s mother can now be considered as a relative resource.
We first note that motions based on a theory of newly discovered evidence are not favored by the court. Beaty v. Head Springs Cemetery Association, 413 So.2d 1126 (Ala.1982). Further, no relief is granted when the new evidence comes into being following the conclusion of the trial. Moody v. State ex rel. Payne, 344 So.2d 160 (Ala.), cert. denied, 434 U.S. 996, 98 S.Ct. 634, 54 L.Ed.2d 490, reh’g denied, 434 U.S. 1089, 98 S.Ct. 1288, 55 L.Ed.2d 796 (1978). Relief is barred when it is based on this type of evidence because trials would have the potential to become never-ending. Moody, supra.
In light of this standard of review and the evidence before the trial court, we affirm.
At the termination hearing, the court was aware that Lisa Bates wanted Shameka placed with the child’s alleged paternal grandmother. The court was also aware of the prerequisite imposed by the Georgia officials to the grandmother’s receiving custody and, more importantly, the fact that Mr. Davis, the putative father, had failed to institute any legitimation proceedings.
The appellant insists that Mr. Davis has now instituted legitimation proceedings and that this evidence should entitle her to a new trial as the alleged grandmother may now be a relative resource. This is not newly discovered evidence but, rather, it is newly existent posttrial evidence. Consequently, relief is barred. If we granted relief based on this type of evidence, custody terminations would never be assured of finality.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.