L. CHARLES WRIGHT, Retired Appellate Judge.
This is a divorce case.
The parties were married in July 1980. At the time of the marriage the wife had two children, Leon and Antoine Roper. There were two children born during the course of the marriage, Michael and Daniel Mitchell.
In April 1987 the husband filed for divorce. The complaint referenced an agreement signed by both parties which addressed issues relating to the dissolution of the marriage and requested that the trial court incorporate the agreement into the final divorce decree. In addition to the *64 complaint, the husband also filed an answer, waiver and agreement for taking of testimony which was signed by the wife, testimony of both the husband and the husband’s attorney, and the agreement entered into by the parties.
In the latter part of April 1987, the husband filed an amended complaint wherein he provided additional information regarding Leon Roper, age eight years, and Antoine Roper, age six years, and attached their birth certificates to the amendment.
In May 1987 the trial court issued a divorce decree and ordered that the parties’ agreement be made a part of said decree. The trial court also issued a continuing child support withholding order regarding the wife’s obligation to pay $100 per month to the husband for child support.
In June 1987 the wife filed a motion to set aside the divorce decree on the ground that it did not accurately portray the agreement of the parties. After a hearing the trial court determined that the motion should be denied.
The wife appeals.
In her first issue the wife maintains that the divorce decree is due to be set aside because it awarded custody of Leon and Antoine Roper to the husband without notifying the children’s natural father, as required under the Uniform Child Custody Jurisdiction Act (UCCJA) (Ala.Code §§ 30-3-20 to -44 (1975)). The wife raises this issue for the first time on appeal, which is not timely. Berry v. Berry, 466 So.2d 138 (Ala.Civ.App.1985). Further, there is no indication in the record as to the identity of the natural father — even the birth certificates remain silent as to that fact, and the wife does not make any reference to the children’s natural father in her motion to set aside the decree.
Additionally, the wife signed the agreement granting exclusive care, custody, and control of all four minor children to the husband, subject to reasonable visitation rights in the wife. The testimony reveals that the wife read the agreement prior to signing it. Consequently, the wife had notice regarding the custody of her children and is not the proper party to raise the issue of lack of notice to the unknown natural father. However, we should not be understood as saying that the natural father could not raise this issue if he so desired to have the custody provisions of the divorce decree set aside.
In her second issue the wife argues that the divorce decree must be set aside because the amended complaint was not served upon her and the original complaint and testimony were totally lacking in evidence as to the custody of the children. The amended complaint merely supplied additional information regarding Leon and Antoine Roper, whose custody was being decided by the trial court. Such amendment did not alter the terms of the agreement entered into by the parties.
The wife signed the answer, waiver and agreement for taking testimony, and her signature was witnessed. This document contained a provision stating that the wife had requested that husband’s attorney prepare the answer and waiver and other appropriate pleadings and agreements and that this cause could be submitted without notice. It has been previously held that in a divorce action the defendant can waive service of process. Wright v. Wright, 230 Ala. 35, 159 So. 220 (1935); Fuller v. Fuller, 459 So.2d 931 (Ala.Civ.App.1984). The wife waived service of process in this case.
Both the original complaint and the husband’s testimony filed with the trial court refer to an agreement entered into by the parties which addresses all issues related to the dissolution of the marriage and requests that the trial court incorporate that agreement into the divorce decree. In the referenced agreement, the parties clearly agreed that the husband was to have custody of all four children and the wife was to have reasonable visitation rights. The trial court incorporated the parties’ agreement into the divorce decree. We do not find that the trial court erred in so doing.
In her third issue the wife submits that the ore tenus rule should not apply, and *65 she proposes that a new rule should be adopted. The wife contends that because she was not represented by counsel the burden of upholding the agreement should be on the party who was represented by counsel. Unless this burden is met the individual who was not represented by counsel should be allowed to set aside the divorce decree automatically on motion within thirty days of entry of the decree.
The wife does not deny that she signed the answer, waiver and agreement for taking of testimony and her signature was witnessed. This document states that the wife was informed that the husband’s attorney was not representing her interests and that it might be in her best interests to employ counsel of her choosing. The wife also signed the parties’ agreement after having an opportunity to read it and answering in the affirmative when the husband’s attorney asked her if she were in agreement. Therefore, we cannot find the trial court to be in error for refusing to set aside the decree.
In her fourth issue the wife maintains that the agreement was so unfair the trial court erred when it refused to set aside the divorce decree. The wife admits that the parties’ financial affairs were rather simple and she raises no issue as to the manner in which the financial affairs were handled by the agreement. The wife contends that the award of custody and support for the children in the agreement is unfair.
In a fifth issue the wife contends that the husband misled her as to the terms of the agreement. She stated that the husband told her he would not require her to pay the $100 per month for child support; she could have the children in June; and, if he were transferred to Germany (the husband is in the military), she could have custody of the children.
The parties’ agreement, adopted by the court in its decree, provided that the husband was to have custody of all four children and the wife was to have reasonable visitation rights with the children and was to pay $100 per month as child support.
We recognize that an agreement of the parties is not controlling upon the trial court when it fashions its decree. Kohn v. Kohn, 52 Ala.App. 636, 296 So.2d 725 (1974). The court may adopt or reject any part of said agreement which might be proper under the circumstances of the case. Kohn, 52 Ala.App. 636, 296 So.2d 725. There is no evidence to indicate that the husband misrepresented the terms of the agreement to the wife or that the terms of agreement are unfair and should not have been adopted by the trial court in its decree.
The wife testified that she moved to Florida in January 1987 to begin a job with the government. The husband testified that he did tell the wife he would leave the children with her if he were transferred to Germany. There is no indication in the record that he is going to be transferred in the near future. The evidence also reveals that the wife picked up the children in June, which was in accordance with the husband’s agreement to allow the children to visit with the wife for the summer.
Although the husband testified that he told the wife he would not “pressure” her about payment of the child support, the wife can be required to contribute to the support of her minor children, Jenkins v. Jenkins, 418 So.2d 137 (Ala.Civ. App.1982), and the husband cannot waive or release her from her support obligation to the minor children. Womble v. Womble, 56 Ala.App. 318, 321 So.2d 660 (1975).
We find the trial court did not err in its refusal to set aside the parties’ divorce decree. The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.